664 So.2d 335 (1995)
Bessie GILBERT, Appellant,
v.
K-MART CORPORATION, Appellee.
No. 93-657.
District Court of Appeal of Florida, First District.
December 14, 1995.
*336 Bessie Gilbert, pro se, for Appellant.
*337 Stephen B. Shell and John E. Wimberly, Jr., of Shell, Fleming, Davis & Menge, Pensacola, for Appellee.
ZEHMER, Chief Judge.
Bessie Gilbert appeals the trial court's order denying her motion for attorney's fees filed pursuant to section 45.061(2), Florida Statutes (1987). Because we conclude that the trial court erred in denying Appellant's claim for attorney's fees on the basis that the motion was untimely filed, we reverse.
Appellant instituted a personal injury action to recover damages for injuries allegedly sustained at one of the retail stores operated by Appellee, K-Mart Corporation (K-Mart). On June 28, 1989, Appellant filed an offer of settlement pursuant to section 45.061, in which she offered to settle the case for the sum of $150,000.00. However, K-Mart rejected the offer and the case proceeded to trial.
On May 1, 1991, the jury rendered a verdict for Appellant, finding her damages to be $200,000.00. On May 10, K-Mart moved for a new trial or remittitur, and on May 13, the trial court signed the final judgment. The clerk recorded the judgment in the official records on May 15, 1991. The final judgment had been drafted by Appellant's counsel and expressly reserved jurisdiction "for the determination of costs and attorney's fees pursuant to the Plaintiff's Offer of Settlement dated June 28, 1989."
On June 3, 1991, the trial court denied K-Mart's motion for new trial. On June 20, 1991, Appellant filed her motion for costs and attorney's fees under section 45.061(2) pursuant to her offer of settlement. No action was taken on this motion pending this Court's consideration of K-Mart's appeal, which was filed on June 27, 1991. On June 8, 1992, we affirmed the final judgment. Thereafter, Appellant scheduled a hearing on her motion for costs and fees.
On January 27, 1993, the trial court entered an order awarding costs in favor of Appellant, but denying her motion for an award of attorney's fees. In doing so, the trial court ruled that section 45.061 requires that a motion for fees by the offeror of a settlement must be made within 30 days after the "entry of judgment." The court noted that the phrase "entry of judgment" is not defined in the statute, but observed that "[a]t common law and under the Florida Rules of Civil Procedure, entry of judgment means the recording of the judgment in the Court's Official Record," citing to Casto v. Casto, 404 So.2d 1046 (Fla. 1981). Because the judgment was recorded by the clerk on May 15, 1991, and Appellant's motion was not filed until June 20, 1991, the court concluded that Appellant's motion was not timely and that the untimely filing of the motion deprived the court of jurisdiction to hear the matter. The court also found that Appellant had presented no direct authority allowing it to grant an extension of the 30-day filing period; and, because it ruled that section 45.061 "is in abrogation of the common law regarding the award of attorney's fees," the court strictly construed the statute according to its plain meaning as unambiguously providing for filing within 30 days of the entry of the judgment.
Appellant moved for rehearing, arguing that the trial court had retained jurisdiction at the time of the entry of the final judgment specifically for the purpose of determining costs and fees pursuant to her offer of settlement. Appellant maintained that the court's reservation of jurisdiction entitled her to consideration of her motion for fees on its merits. However, in its order denying Appellant's motion for rehearing, the court held that its reservation of jurisdiction in the final judgment did not stay the running of the 30 days provided for in section 45.061.
Appellant's primary argument on appeal is that the trial court erred in ruling that only the written motion filed by her on June 19, 1991, satisfied the 30-day filing requirement of section 45.061. Appellant submits that it was sufficient for her simply to notify the trial court of her intent to pursue an award of fees, which she did by including the "reservation of jurisdiction" language in the final judgment, thereby eliminating the necessity that she specifically seek a determination of the amount to which she claimed entitlement within the 30-day time period specified in the statute. Appellant maintains that because *338 the legislature's intent behind the enactment of section 45.061 was to encourage settlement as a means of reducing litigation expenses, the statute qualifies as a remedial statute that should be liberally construed in order to achieve its laudable objective, citing to Young v. Altenhaus, 448 So.2d 1039 (Fla. 3d DCA 1983), quashed on other grounds, 472 So.2d 1152 (Fla. 1985). Relying on rule 1.100(b), Florida Rules of Civil Procedure, Appellant also urges that under Florida law, motions need not meet any rigid requirement as to form, and need not be set forth in writing when they are made in the presence of the court and opposing counsel. Instead, Appellant argues that the reservation of jurisdiction provision specifically recognized Appellant's claim for fees and the need for a ruling thereon.
Appellant further argues that even assuming the reservation of jurisdiction itself could not satisfy the requirement of a motion, the trial court nonetheless erred in failing to recognize that the reservation of jurisdiction at least served to extend the time for making such a motion. It is Appellant's position that the court was incorrect in stating that there was no direct authority permitting it to extend the filing period, since rule 1.090(b) authorizes a trial court to enlarge the time for performing certain acts under the rules in specified circumstances. Appellant maintains that the procedural aspects of section 45.061 were preempted by rule 1.442, Florida Rules of Civil Procedure, see Leapai v. Milton, 595 So.2d 12 (Fla. 1992), and that the time period for filing a motion for fees based on an unreasonable rejection of an offer of settlement is procedural, governed by procedural rules, and thus capable of being extended pursuant to rule 1.090(b).
Finally, Appellant argues that the reservation of jurisdiction led her to believe that no written motion for fees was necessary, and, therefore, the reservation language must be deemed to have effectively extended the time for filing the motion. Appellant suggests that the reservation of jurisdiction at least served to excuse her failure to file a separate motion for fees within 30 days and served as a proper predicate for the court's entry of a separate order extending the time for seeking fees on the basis of excusable neglect. In that regard, Appellant points out that she did in fact file such a motion only six days after expiration of the 30-day period and, further, that for much of the time between entry of the judgment and the filing of the motion, K-Mart's motion for new trial was pending. Appellant submits that this motion had the effect of tolling the finality of the judgment which, in fact, did not become final until the motion was denied on June 3, 1991. Thus, Appellant reasons that no significant purpose could have been served by moving for fees prior to disposition of K-Mart's motion for new trial, and no harm was caused by her failure to file the motion during that period.
Section 45.061(2) provides as follows:
(2) If, upon a motion by an offeror within 30 days after the entry of judgment, the court determines that an offer was rejected unreasonably, resulting in unnecessary delay and needless increase in the cost of litigation, it may impose an appropriate sanction upon the offeree... .
The language of the statute is unambiguous. By its express terms, the motion is to be filed within 30 days from the entry of judgment. We agree with the trial court, "entry of judgment" means the recording of the judgment in the court's official record. See Casto v. Casto. Since it is undisputed that the clerk of the court recorded the final judgment on May 15, 1991, it is equally undisputed that Appellant's motion, filed 36 days later, was untimely under the statute. However, we hold that the untimely filing did not serve to deprive the trial court of its jurisdiction to consider the motion on its merits. We decline to construe this time limitation in the statute as jurisdictional.
"[A] post-judgment motion for attorney's fees raises a `collateral and independent claim' which the trial court has continuing jurisdiction to entertain within a reasonable time, notwithstanding that the litigation of the main claim may have been concluded with finality." Finkelstein v. North Broward Hospital District, 484 So.2d 1241, 1243 (Fla. 1986). In the present case, the final judgment expressly reserved jurisdiction to consider *339 Appellant's application for attorney's fees under section 45.061. We treat this reservation as an indication by the trial court of further proceedings on the issue that was sufficient to reserve the court's jurisdiction to receive and consider such a motion filed within a reasonable time after the court had resolved the pending post-trial motion for new trial. Cf. Young v. Altenhaus, 448 So.2d 1039 (Fla. 3d DCA 1983) (trial court has jurisdiction to entertain a motion for attorney's fees despite the fact that the final judgment on the main claim did not specifically reserve jurisdiction to do so), quashed on other grounds, 472 So.2d 1152 (Fla. 1985).
The question for decision is whether the motion was properly denied for non-compliance with the 30-day rule limit under the circumstances shown.
Generally, a party's entitlement to attorney's fees and costs under section 45.061 is a substantive matter, but the time limits for acceptance of an offer is a procedural detail. See Timmons v. Combs, 608 So.2d 1 (Fla. 1992); The Florida Bar re: Amendment to Rules of Civil Procedure, Rule 1.442 (Offer of Judgment), 550 So.2d 442 (Fla. 1989). "While the Florida Constitution grants [the supreme court] exclusive rule-making authority, this power is limited to rules governing procedural matters and does not extend to substantive rights." See Boyd v. Becker, 627 So.2d 481 (Fla. 1993) (holding that statutes of limitation provide substantive rights and thereby supersede procedural rules). Thus, the procedural aspects of section 45.061 have been preempted by rule 1.442, but the substantive aspects of section 45.061 remain intact. Leapai v. Milton.
Whether the 30-day time limit in section 45.061 is substantive or procedural appears to be an issue not yet specifically addressed by an appellate court. However, the analysis employed by the supreme court in its recent decision in R.J.A. v. Foster, 603 So.2d 1167 (Fla. 1992), is helpful. In R.J.A., the supreme court addressed the substantive/procedural dilemma in the context of section 39.048, Florida Statutes (1991), in conjunction with its Rule of Juvenile Procedure 8.180, in an effort to determine whether section 39.048 granted juveniles an absolute substantive right to be tried within 90 days, thereby overruling the court's own juvenile speedy trial rule allowing the state an additional ten-day window to try cases that do not come within the ninety-day period. There the court held that time periods for a speedy trial are "triggering mechanism[s]," id. at 1171, and therefore procedural in nature. Consequently, the rule of procedure took precedence over the legislative enactment. In so holding, the supreme court was careful to distinguish between the period for filing a delinquency petition, which it held to be substantive, and the time period for commencing the hearing, which it held to be procedural. In that regard, the court explained:

When a law suit must be filed is, in our view, substantive; how it is to be tried in an orderly manner is procedural.
603 So.2d at 1171-72 (emphasis in original).
The discussion in R.J.A. persuades us that given the ancillary nature of a claim for attorney's fees under section 45.061, we are dealing with a "triggering mechanism," and the concomitant relevant inquiry of "how" the cause must be tried. Thus, the 30-day time limitation in subsection (2) is procedural and thereby controlled by Rule of Civil Procedure 1.442 (covering the subject of offers of judgment) and by Rule of Civil Procedure 1.090(b) (authorizing a trial court to enlarge the time for performing acts "allowed to be done at or within a specified time..., by these rules"). In this respect, we find nothing in the statutory scheme that would be thwarted if we should permit the trial court to allow a late filing upon a showing of excusable neglect and where Appellee shows no prejudice from the late filing. Because the trial court was proceeding under the incorrect assumption that it had no authority to consider the issue of excusable neglect and to grant an extension of time, we reverse and remand for further proceedings.
REVERSED and REMANDED.
WEBSTER, J., concurs.
JOANOS, J., dissents.