694 So.2d 675 (1997)
GULLIVER ACADEMY, INC., Petitioner,
v.
Ralph BODEK and Lorraine Bodek, as parents and natural guardians of their minor son, Robert Bodek, and individually, Respondents.
No. 86652.
Supreme Court of Florida.
February 6, 1997.
Rehearing Denied May 30, 1997.
Harold C. Knecht, Jr. of Knecht & Knecht, Coral Gables, for Petitioner.
Charles B. Patrick, Miami; and James C. Blecke of Deutsch & Blumberg, P.A., Miami, for Respondents.
WELLS, Justice.
We have for review Bodek v. Gulliver Academy, Inc., 659 So.2d 354 (Fla. 3d DCA 1995), which expressly and directly conflicts with the opinion in Gilbert v. K-Mart Corp., 664 So.2d 335 (Fla. 1st DCA 1995). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The Bodeks, both as individuals and on behalf of their son, sued Gulliver Academy in tort. Gulliver Academy thereafter served an offer of judgment on the plaintiffs pursuant to section 768.79, Florida Statutes (Supp. 1990), which the plaintiffs rejected. After a trial was held, the jury returned a verdict in favor of Gulliver Academy. On April 13, 1994, the Bodeks filed a motion for new trial and for judgment notwithstanding the verdict. On April 19, 1994, the trial court entered final judgment in favor of Gulliver Academy but reserved jurisdiction to consider a motion for attorney fees and costs. On June 8, 1994, Gulliver Academy filed its motion for attorney fees and costs pursuant to section 768.79. On October 31, 1994, the trial court denied the Bodeks' motion for new trial and for judgment notwithstanding the verdict. On November 2, 1994, the trial court granted the defendant's motion for attorney fees and costs.
On appeal, the Third District reversed the award of attorney fees and costs. Bodek v. Gulliver Academy, Inc., 659 So.2d 354 (Fla. 3d DCA 1995). The court concluded that the express language of section 768.79(6) required the motion for attorney fees to be filed within thirty days after the entry of judgment. Id. Since the motion for fees was filed more than thirty days after the judgment was entered, the court reversed the order awarding fees. The district court *676 found that the trial court's reservation of jurisdiction could not insulate the defendant from strict adherence to the statute. Id.
The First District reached a contrary result in Gilbert v. K-Mart Corp., 664 So.2d 335 (Fla. 1st DCA 1995), in which the trial court, as did the trial court in this case, expressly reserved jurisdiction over the determination of costs and attorney fees in the final judgment. Id. at 337. In Gilbert, the jury returned a verdict on the plaintiff's behalf on May 1, 1991. On May 10, 1991, the defendant moved for a new trial or remittur. On May 13, 1991, the trial court signed the final judgment, and it was recorded on May 15, 1991. On June 20, 1991, the plaintiff filed a motion for costs and attorney fees pursuant to section 45.061(2), Florida Statutes (1987). The trial court denied the motion for attorney fees, finding that the motion was untimely and that therefore the trial court lacked jurisdiction to rule on the motion. On appeal, the First District interpreted section 45.061(2),[1] a statute which was closely related to section 768.79,[2] and reversed, finding that pursuant to section 45.061(2), the thirty-day time limit to file a motion for attorney fees was not jurisdictional. Rather, the district court found the reservation of jurisdiction an indication by the trial court of further proceedings on the issue that sufficiently allowed the court to receive and consider such a motion filed within a reasonable time after the court resolved the pending posttrial motion for new trial. Id. at 339. Additionally, the district court found that the time limits of the statute were procedural. Consequently, the district court concluded that Florida Rule of Civil Procedure 1.090(b) allowed the trial court to permit a late-filed motion upon showing of excusable neglect and where no prejudice was shown from the late filing. Id.
This conflict again brings us to an issue concerning a time period in these offer-ofjudgment statutes. Section 768.79(6), Florida Statutes (1991), provides that the court shall determine the propriety of an award of fees "[u]pon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal." (Emphasis added.) Similarly, section 45.061(2), Florida Statutes (1987), provides for this determination "upon a motion by the offeror within 30 days after the entry of judgment." (Emphasis added.)
This Court has previously confronted questions concerning the proper interpretation of these offer-of-judgment statutes. See, e.g., Knealing v. Puleo, 675 So.2d 593 (Fla.1996); TGI Friday's, Inc. v. Dvorak, 663 So.2d 606 (Fla.1995); Timmons v. Combs, 608 So.2d 1 (Fla.1992); Leapai v. Milton, 595 So.2d 12 (Fla.1992). In each of these cases, we recognized that the Florida Rules of Civil Procedure controlled the procedural elements of the statutes. See, e.g., Timmons (adopting procedural portions of section 768.79 as Rule of Civil Procedure 1.442). Specifically, in Knealing, we found that section 44.102, Florida Statutes (1993), which only altered the time limits for making an offer of judgment, was a procedural statute that intruded on this Court's rule-making authority. Knealing, 675 So.2d at 596.
In accord with this analysis, we agree with the First District in Gilbert and hold that the time periods in these statutes are procedural and are governed by the Florida Rules of Civil Procedure. Consequently, we hold that these periods may be enlarged under Florida Rule of Civil Procedure 1.090(b). See Gilbert, 664 So.2d at 339. This rule allows a court to enlarge a time period prescribed by the rules for cause shown (1) with or without notice if the request is made before the expiration of the period originally prescribed, or (2) subject to limited exceptions, with notice upon motion made after the expiration of *677 the period if the failure to act was the result of excusable neglect.[3]
In both Bodek and Gilbert, when each trial court entered final judgment, the court reserved jurisdiction to entertain a motion for attorney fees and costs. This reservation of jurisdiction allowed the trial court to consider further proceedings on the issue of attorney fees even though the motion for fees was filed more than thirty days after the entry of judgment. We find that a reservation of jurisdiction in a final judgment is procedurally an enlargement of time under rule 1.090(b), which may allow a party to file late a motion for attorney fees. Any other interpretation would make the trial court's reservation in the final judgment not only a nullity but a procedural trap.
We further find that under rule 1.090(b), there does not need to be a showing that the failure to act within the time periods was the product of excusable neglect in order to enlarge the time period under the rule if the date of the entry of final judgment is within the time requirements of the rule. For instance, in both this case and Gilbert, the trial court reserved jurisdiction before the thirty-day period expired. As a result, this timely made reservation of jurisdiction was an enlargement of time pursuant to rule 1.090(b)(1), and no showing of excusable neglect was required. Consequently, we quash Bodek and approve Gilbert to the extent the district court recognized that the time limits of the offer-of-judgment statute were procedural and could be enlarged under rule 1.090(b). However, we disapprove Gilbert to the extent that it indicates that the trial court must find excusable neglect in order to extend the time for filing a motion for attorney fees through a reservation of jurisdiction in a final judgment. Excusable neglect is only a necessary finding if the reservation of jurisdiction occurs after the thirty-day time requirement.[4]
Moreover, we note that we recently adopted a new rule of procedure to govern section 768.79. See In re Amendments to Florida Rules of Civil Procedure, 682 So.2d 105, 124-25 (Fla.1996). As revised in 1996, Florida Rule of Civil Procedure 1.442(g) states:
(g) Sanctions. Any party seeking sanctions pursuant to applicable Florida law, based on the failure of the proposal's recipient to accept a proposal, shall do so by service of an appropriate motion within 30 days after the entry of judgment in a nonjury action, the return of the verdict in a jury action, or the entry of a voluntary or involuntary dismissal.
This rule differs from the language of the statute: "Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal...." § 768.79(6)(a), Fla.Stat. (1995) (emphasis added), because the rule now differentiates the times for serving the motion in jury and nonjury actions. Since these time requirements are procedural, the rule prevails where it differs from the statute. Nevertheless, we note that under the new rule, there could be a reservation of jurisdiction in a final judgment entered on a jury verdict which would not be timely if the final judgment was not entered within thirty days of the jury verdict. In that situation, the party would have to show excusable neglect under rule 1.090(b)(2).
By approving this procedure, we allow decisions on attorney fees to proceed in a manner consistent with judicial efficiency and *678 economy. Issues related to setting of fees under section 768.79 are not fully adjudicated until the disposal of posttrial motions. Therefore, the trial court should have the discretion to extend the time for filing the motions by reserving jurisdiction in the final judgment. However, the trial court should not allow the posttrial motion period to extend an unreasonable length of time. Motions for attorney fees should be ruled upon at the time the trial court rules upon its posttrial motions including motions for new trials and motions for judgments notwithstanding the verdict. Of course, absent a reservation of jurisdiction, a motion for attorney fees based upon the statutes must be filed within thirty days as provided in the rule,[5] or the entitlement to attorney fees on the basis set forth in section 768.79 is waived unless there is a basis for relief under rule 1.090(b)(2).
We quash the decision under review and remand this case to the district court for further proceedings which shall be consistent with this opinion. We approve Gilbert to the extent that it is consistent with this analysis.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
NOTES
[1] The legislature repealed section 45.061 with respect to causes of actions accruing after October 1, 1990. Ch. 90-119, § 22, Laws of Fla.
[2] As we noted in Timmons v. Combs, 608 So.2d 1, 2 (Fla. 1992), an interpretation of section 45.061 cannot be made without considering the interplay of that statute with section 768.79. But cf. Metropolitan Dade County v. Jones Boatyard, Inc., 611 So.2d 512 (Fla.1993) (finding that the applicable version of section 768.79 is the version in effect at the time the cause of action accrues, while the applicable version of section 45.061(2) is the version in effect at the time the offer was unreasonably rejected).
[3] This rule provides:

(b) Enlargement. When an act is required or allowed to be done at or within a specified time by order of the court, by these rules, or by notice given thereunder, for cause shown the court at any time in its discretion (1) with or without notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect, but it may not extend the time for making a motion for new trial, for rehearing, or to alter or amend a judgment; making a motion for relief from a judgment under rule 1.540(b); taking an appeal or filing a petition for certiorari; or making a motion for directed verdict.
[4] In Timmons v. Combs, 608 So.2d 1 (Fla. 1992), we adopted the procedural portions of section 768.79 as Florida Rule of Civil Procedure 1.442.
[5] As noted previously, our new rule of procedure differs from the wording of the statute. See Fla.R.Civ.P. 1.442(g) (motion must be filed within thirty days after the entry of judgment in a nonjury action, the return of the verdict in a jury action, or the entry of a voluntary or involuntary dismissal).