752 So.2d 135 (2000)
Estle SPENCER and Iva Spencer, Appellants,
v.
Stacy L. BARROW and Connie J. Barrow, Appellees.
No. 2D99-938.
District Court of Appeal of Florida, Second District.
March 8, 2000.
*136 Elizabeth K. Russo of Russo Appellate Firm, P.A., Miami, and Ramey, Ramey & Kampf, Tampa, for Appellants.
Louis K. Rosenbloum, P.A., Pensacola, and Dale Swope of Swope, Cardillo, P.A., Tampa, and Robert M. Austin, Tampa, for Appellees.
CAMPBELL, Judge.
Appellants, Estle Spencer and Iva Spencer, challenge the trial court order directing that they pay $144,000 in attorney's fees to appellees, Stacy L. Barrow and Connie J. Barrow. The $144,000 represented both trial court and appellate attorney's fees.
The sole issue on this appeal is whether the appellees' motion for their trial court attorney's fees was untimely under the provisions of Florida Rule of Civil Procedure 1.442(g) as amended effective January 1, 1997. We hold that appellees' motion for their trial court attorney's fees was untimely and reverse the order insofar as it awarded trial court attorney's fees.
In the trial court, appellants were defendants in an automobile negligence action in which appellees were the plaintiffs. Appellees filed a timely demand for judgment in the amount of $24,900, which appellants did not accept.
A jury trial resulted in a verdict for appellees on May 7, 1997 in the amount of $71,251. Appellants filed motions for new trial and for remittitur, which were denied. A final judgment in the net amount of $59,399 was entered for appellees on September 5, 1997. The final judgment reserved jurisdiction on the issue of attorney's fees. Appellees filed their first motion for trial court attorney's fees on September 10, 1997, five days after entry of the final judgment. Appellants challenged the final judgment, and this court affirmed that final judgment on October 7, 1998. See Spencer v. Barrow, 725 So.2d 1123 (Fla. 2d DCA 1998). This court also granted appellees' motion for appellate attorney's fees and directed that the amount of such appellate attorney's fees be set by the trial court.
Appellees' motion for trial court attorney's fees filed on September 10, 1997 was, under the express provisions of rule 1.442(g), clearly untimely because the return of the jury verdict on May 7, 1997 was more than thirty days prior to the filing of that motion for attorney's fees.
Rule 1.442(g), as amended effective January 1, 1997, provides as follows:
(g) Sanctions. Any party seeking sanctions pursuant to applicable Florida law, based on the failure of the proposal's recipient to accept a proposal, shall do so by service of an appropriate motion within 30 days after the entry of judgment in a nonjury action, the return of the verdict in a jury action, or the entry of a voluntary or involuntary dismissal. (Emphasis added).
Appellees argue that they should be excused for their late filing of the motion *137 for trial court attorney's fees on several theories, none of which do we find persuasive. They argue that there was "confusion" as to the time requirements for the filing of their motion for fees because section 768.79(6)(a), Florida Statutes (1995), sets the time for such filing to be "within 30 days after the entry of judgment...." However, the time periods prescribed in statutes such as section 768.79 have long and clearly been held to be procedural. They are, therefore, subject to and governed by the Florida Rules of Civil Procedure and not by the statutory time requirements where the statute and pertinent rules of procedure are in conflict. See Gulliver Academy, Inc. v. Bodek, 694 So.2d 675 (Fla.1997).
Appellees also argue that because the final judgment of September 5, 1997 contained a reservation of jurisdiction in regard to attorney's fees, that reservation constituted an enlargement of time for appellees to pursue their entitlement to fees. Unfortunately, no motion for attorney's fees had been filed prior to the entry of the final judgment, and the final judgment of September 5, 1997 was itself more than thirty days after the jury verdict of May 7, 1997. The supreme court in Bodek (opinion issued February 6, 1997 and rehearing denied May 30, 1997) clearly holds that such a reservation of jurisdiction in a final judgment entered more than thirty days after the jury verdict, absent a showing of and finding by the trial court of excusable neglect, does not enlarge the time requirements of rule 1.442(6).
Appellees finally argue that their award of trial court attorney's fees is saved by their "Motion for Enlargement of Time for the Filing of Appellees' Motion to Tax Fees and Costs Against Appellants." That motion was not filed until December 18, 1997. The trial judge on February 17, 1998 entered an "Order Extending Time for the Filing of Appellees' Motion to Tax Fees and Costs." That order extending time contained a statement that "neither party has filed any affidavits, nor offered any testimony concerning the existence or absence of excusable neglect." While appellees' counsel argued in the trial court that "confusion" over the time requirements constituted excusable neglect, we are not so persuaded. Again, Bodek destroys the efficacy of appellees' argument and their reliance on the trial court's late extension of time.
As pointed out in Bodek, procedural time requirements governed by the Florida Rules of Civil Procedure may be enlarged under Florida Rule of Civil Procedure 1.090(b). Bodek also acknowledges that a timely "reservation of jurisdiction in a final judgment is procedurally an enlargement of time under rule 1.090(b), which may allow a party to file late a motion for attorney's fees." Bodek, 694 So.2d at 677. The Bodek court also held that there need be no showing of excusable neglect in order to enlarge a time period by reservation of jurisdiction in the final judgment if the date of the final judgment is within the time requirements of the rule.
The holding in Bodek firmly shuts the door on appellees' claim by stating, in connection with the time requirements of rule 1.442(g):
Nevertheless, we note that under the new rule, there could be a reservation of jurisdiction in a final judgment entered on a jury verdict which would not be timely if the final judgment was not entered within thirty days of the jury verdict. In that situation, the party would have to show excusable neglect under rule 1.090(b)(2). (Emphasis supplied).
Bodek, 694 So.2d at 677. No showing of excusable neglect was offered to the trial court by appellees except their "confusion" over the time requirements for filing motions for attorney's fees.
Appellees continue to argue on this appeal that they should be afforded the relief of excusable neglect because of the "confusion" that existed due to the differences between the statutory time requirements *138 and requirements of the Florida Rules of Civil Procedure. They note that rule 1.442(g) had only recently been amended effective January 1, 1997 to require that motions for attorney's fees resulting from a jury verdict are timely only if filed within thirty days of the jury verdict. While there may have been some "confusion" on the part of appellees and/or their attorneys, there was no "confusion" as to the law of Florida as it existed at all times applicable to appellees' efforts to seek attorney's fees. Inadvertence or mistake of counsel or ignorance of the rules does not constitute excusable neglect. See Hernandez v. Page, 580 So.2d 793 (Fla. 3d DCA 1991). See also Allstate Insurance Co. v. Gulisano, 722 So.2d 216 (Fla. 2d DCA 1998), review denied, 740 So.2d 528 (Fla.1999).
Finally, we note that the order awarding appellees' attorney's fees that is the subject of this appeal makes note of the fact that this court granted appellees' motion for appellate attorney's fees on the prior appeal from the final judgment. We assume this reference to our order granting appellate attorney's fees is merely to explain that we directed the trial judge, on remand, to set the amount of reasonable appellate attorney's fees after our approval of the award of such fees. The $144,000 in attorney's fees awarded by the trial judge includes both trial and appellate attorney's fees without any breakdown between the two. Our granting of entitlement to appellate attorney's fees on the appeal from the final judgment in no way may be construed as breathing life into the late filing for attorney's fees in the trial court. The request in this court for appellate attorney's fees was timely. There is no requirement by statute, rule or case law that we have been made aware of or that we have independently discovered, that makes an award of appellate attorney's fees in cases involving offer of judgment statutes dependent upon an award of attorney's fees in the trial court or even a timely request for such trial fees. We can perceive of many reasons why a right to fees in the trial court might be waived or not be sought, through either inadvertence or change of attorneys, or change of attitude or positions of the parties or otherwise, and such failure to seek fees at the trial level should not preclude a right to fees at the appellate level.
Reversed and remanded. On remand, the trial judge shall enter an order determining only the amount due appellees for attorney's fees incurred in the prior appeal from the final judgment.
PATTERSON, C.J., and THREADGILL, J., Concur.