ON MOTIONS FOR REHEARING AND CLARIFICATION

BENTON, J.
Upon motions for rehearing and for clarification, we withdraw our prior opinion and substitute the following as the opinion of the court.
Kelley Oglesby-Dorminey and Violet Crawford appeal the final judgment entered against them in suits they brought for personal injuries they attributed to an accident at Lucy Ho’s Restaurant (Lucy Ho’s). As to Ms. Oglesby-Dorminey, we reverse the final judgment, both insofar as *750 it denies her costs and awards attorney’s fees and costs to Gemini Electrical Service, Inc. (Gemini), and remand for further proceedings consistent with this opinion. As to Ms. Crawford, we reverse only insofar as attorney’s fees were awarded against her. We affirm otherwise.
Ms. Oglesby-Dorminey put on evidence from which the jury could and did conclude that she was injured when she received an electric shock at Lucy Ho’s buffet table. The jury found that negligence on the part of Gemini, who installed and maintained the electrical system for the buffet table, was forty percent responsible, and that Lucy Ho’s negligence was sixty percent responsible. Ms. Crawford put on evidence from which the jury could have concluded, but — on the basis of other, adequate evidence — did not conclude, that she was injured when she came to Ms. Ogles-by-Dorminey’s aid. Ms. Crawford filed a motion for new trial, and argues on appeal that denial of this motion was error, but we find no error.
Gemini had served on Ms. Oglesby-Dor-miney a proposal for settlement under section 768.79, Florida Statutes (1999), and Florida Rule of Civil Procedure 1.442 (2000), providing, as follows:
This Defendant proposes to settle all claims — including, but not limited to, costs, attorney’s fees and interest— brought by Kelley Oglesby-Dorminey against this Defendant in this action for the sum of $50,000.00.... The offer is conditioned upon the Plaintiffs execution of a release and a dismissal, with prejudice, of this action as it pertains to this Defendant.
Ms. Oglesby-Dorminey having rejected Gemini’s timely offer, her claim was tried to a jury and, on May 5, 2000, the jury awarded her $24,155, consisting entirely of economic damages.
On May 15, 2000, Ms. Oglesby-Dormi-ney filed a motion for new trial on damages and/or motion for additur. The next day, asserting that she was the prevailing party, she filed a motion for costs, which the trial court ultimately denied. For the reasons set out below, we conclude that denial of the motion for costs was error, but we reject the contention that the trial court erred in denying Ms. Oglesby-Dor-miney’s motion for new trial on damages and/or motion for additur.
After denying Ms. Oglesby-Dorminey’s motion for new trial on damages and/or motion for additur (and Ms. Crawford’s motion for new trial), the trial court decided that Ms. Oglesby-Dorminey was not entitled to costs because it had not entered, and would not enter, a final judgment in her favor. The trial court ruled that Gemini had demonstrated excusable neglect for filing its motion for costs and attorney’s fees out of time, and entered final judgment against Ms. Oglesby-Dor-miney and in favor of Gemini[1] in the amount of $14,796, on the supposed authority of section 768.79(1), Florida Statutes (1999). The court found that Gemini incurred $24,458 in attorney’s fees and costs subsequent to the proposal for settle *751 ment, and offset the amount of the jury verdict[2] against that total.
Gemini did not file or serve its own motion for attorney’s fees and costs until June 28, 2000, some fifty-four days after the verdict was returned. Ms. Oglesby-Dorminey and Ms. Crawford moved promptly thereafter to strike Gemini’s motion as untimely. See Fla. R. Civ. P. 1.442(g) (2000) (“Any party seeking sanctions ... based on the failure of the proposal’s recipient to accept a proposal, shall do so by service of an appropriate motion within 30 days after ... the return of the verdict in a jury action....”).
Gemini gave no reason in its motion for attorney’s fees and costs for the untimely filing of the motion. Nor had Gemini filed a motion seeking an extension of the 30-day period for filing before the deadline for filing had passed. See Gulliver Acad., Inc. v. Bodek, 694 So.2d 675, 676 (Fla.1997) (allowing a trial court to enlarge the time period for filing a motion “with or without notice if the request is made beforé the expiration of the period”).
Only on July 17, 2000, after Ms. Ogles-by-Dorminey and Ms. Crawford had filed their motion to strike as untimely,[3] did Gemini file a motion for extension of time to file motion for attorney’s fees and costs. See Gulliver Acad., 694 So.2d at 676-77 (permitting the trial court to enlarge the period for filing a motion even if the request is filed after the expiration of the period “if the failure to act was the result of excusable neglect”). This motion claimed excusable neglect, asserting that Gemini was delayed in filing its motion for attorney’s fees and costs because it had a problem obtaining itemized cost information. The motion also claimed that a “procedural trap” excused the delay, asserting an unreconciled conflict between Florida Rule of Civil Procedure 1.442(g) and section 768.79(6), Florida Statutes (2000), in that the rule required the motion to be served within thirty days of the verdict, while the statute purported to require only that the motion be made within thirty days of the judgment. The reasons Gemini gave for fifing late are legally insufficient.[4]
*752 Florida Rule of Civil Procedure 1.442 (2000) did not require that a party have detailed information before filing a motion for attorney’s fees and costs.[5] The rule required Gemini to file a timely motion and, if necessary, supplement it later with affidavits or an amended pleading. Ignorance of the deadline for filing the motion for sanctions does not excuse an untimely filing. Excusable neglect entails more than confusion about or ignorance of what the law is. See Carlton v. Wal-Mart Stores, Inc., 621 So.2d 451, 454 (Fla. 1st DCA 1993) (stating that excusable neglect usually requires more than “simple inadvertence or mistake of counsel or ignorance of the rules” (quoting Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir.1985))). '
More than two years before the present case was tried, the Florida Supreme Court decided the Gulliver Academy case, establishing beyond peradventure that the time limit then[6] set forth in Florida Rule of Civil Procedure 1.442(g) controlled, rather than any statutory provision. The court explained:
This Court has previously confronted questions concerning. the proper interpretation of these offer-of-judgment statutes. See,. e:g., Knealing v. Puleo, 675 So.2d 593 (Fla.1996); TGI Friday’s, Inc. v. Dvorak, 663 So.2d 606 (Fla.1995); Timmons v. Combs, 608 So.2d 1 (Fla.1992); Leapai v. Milton, 595 So.2d 12 (Fla.1992). In each of these cases, we recognized that the Florida Rules of Civil Procedure controlled the procedural elements of the statutes. See, e.g., Timmons (adopting procedural portions of section 768.79 as Rule of Civil Procedure 1.442). Specifically, in Knealing, we found that section 44.102, Florida Statutes (1993), which only altered the time limits for making an offer of judgment, was a procedural statute that intruded on this Court’s rule-making authority. Knealing, 675 So.2d at 596.
In accord with this analysis, we agree with the First District in Gilbert [v. K-Mart Corp., 664 So.2d 335 (Fla. 1st DCA 1995)] and hold that the time periods in these statutes are procedural and are governed by the Florida Rules of Civil Procedure.
Gulliver Acad., 694 So.2d at 676. In short, our supreme court applied the longestabl-ished, straightforward rule of decision that time limits for court filings in court rules are procedural, not substantive, thus definitively resolving any possible question about which time limit applied, and eliminating any putative, procedural trap.
Gemini alleged essentially that it was confused about what the law was. We agree with the Second District, which held, in similar circumstances, that “[i]nadver-tence or mistake of counsel or ignorance of the rules does not constitute excusable neglect. See Hernandez v. Page, 580 So.2d 793 (Fla. 3d DCA 1991). See also Allstate Insurance Co. v. Gulisano, 722 So.2d 216 (Fla. 2d DCA 1998), review denied, 740 So.2d 528 (Fla.1999).” Spencer v. Barrow, *753 752 So.2d 135, 138 (Fla. 2d DCA 2000);[7] see also Kendall Country Estate, Inc. v. Pierson, 2001 WL 20802, — So.2d -, -, 26 Fla. L. Weekly D193, D194 (Fla. 3d DCA Jan.10, 2001) (holding that, despite a reservation to determine attorney’s fees and costs in the final judgment entered more than thirty days after return of the verdict, the trial court’s “delay in entering the final judgment ... does not constitute excusable neglect” because the party “had the ability to comply with the law and simply failed to do so”).
Accordingly, we reverse the final judgment insofar as it awards attorney’s fees and insofar as it awards costs against Ms. Oglesby-Dorminey. We remand with directions that the trial court enter judgment in favor of Ms. Oglesby-Dorminey and against Gemini, together with costs, pursuant to section 57.041(1). The judgment is otherwise affirmed.
ERVIN and POLSTON, JJ., CONCUR.

. In addition, the trial court entered final judgment in favor of Gemini and against Ms. Crawford for costs in the amount of $5,830.00 and for attorney's fees in the amount of $2,658.00. Ms. Crawford had spurned Gemini’s qualifying proposal for settlement in the amount of $100.00.
Without regard to section 768.79, Florida Statutes (1999), or Florida Rule of Civil Procedure 1.442 (2000), Gemini was entitled to recover costs incurred defending Ms. Crawford’s claim because Ms. Crawford took nothing and judgment was entered in favor of Gemini on that claim. See § 57.041(1), Fla. Stat. (1999).

. Notwithstanding section 768.81(3), Florida Statutes (1995) (stating that, when a defendant's percentage of fault exceeds that of a claimant, "the court shall enter judgment with respect to economic damages against that party on the basis of the doctrine of joint and several liability”), the trial court used $9,662 (forty percent of the recovery) rather than the full amount the jury awarded.

. Gemini argues that it feared it might have been subject to sanctions for filing a timely motion. Gemini's claimed fear of sanctions under section 57.105, Florida Statutes (2000), rings hollow, however, where nothing changed between May 16, 2000, and June 28, 2000, the date Gemini finally filed the motion. The trial court did not hold a hearing on post-trial motions until July 10, 2000, and did not rule on them until August 1, 2000.
In order to be subject to sanctions under section 57.105, Florida Statutes (2000), a filing must be patently frivolous. See, e.g., Langford v. Ferrera, 2001 WL 1436388, - So.2d -, -, 26 Fla. L. Weekly D2740, D471 (Fla. 1st DCA Ñov. 16, 2001) ("As a prerequisite to an award of attorney’s fees pursuant to section 57.105, the trial court must find a complete absence of a justiciable issue of law or fact raised by the losing party-”)-

. We need not, therefore, reach the merits of the trial court's conclusion that Ms. Oglesby-Dorminey's recovery fell at least 25 percent below the proposed settlement. As far as the record reveals, the trial court did not consider the costs she incurred prior to Gemini's proposal for settlement in determining whether Gemini was entitled to fees and costs. See White v. Steak & Ale, 816 So.2d 546, 551 (Fla.2002); Perez v. Circuit City Stores, Inc., 721 So.2d 409, 410-11 (Fla. 3d DCA 1998); see also Herzog v. K-Mart Corp., 760 So.2d 1006, 1009 n. 3 (Fla. 4th DCA 2000); Stephenson v. Holiday Rambler Corp., 709 So.2d 139, 140 (Fla. 4th DCA 1998).

. Gemini argues that it was common practice, nevertheless, to delay filing a motion for attorney’s fees and costs until the precise amount of costs was known. But the record provides no support for this contention. Nor is there a record basis for any suggestion that the plaintiffs waived the requirements of the rules otherwise, even by implication. Absent waiver by the plaintiffs, the trial court could not have found excusable neglect on this basis.

. The Florida Supreme Court has since amended Florida Rule of Civil Procedure 1.442(g) (2001), to allow motions for sanctions to be filed as late as thirty days after entry of final judgment. See also Fla. R. Civ. P. 1.525 (2001).

. Unlike the party in Spencer, Gemini did not delay filing its motion for fees and costs until after entry of final judgment. Instead, Gemini filed its motion before the trial court had decided the various post-trial motions, albeit some fifty-four days after the jury returned its verdict.