**HSI CHANG aka Mark Chang, Plaintiff,**

v.

**JPMORGAN CHASE BANK, N.A., Defendant.**

**CASE NO. 1:14–cv–20368–KMM**

United States District Court, S.D. Florida.

Filed 09/25/2015

Carl Francis Schoeppl, Jr., Schoeppl & Burke, P.A., Boca Raton, FL, for Plaintiff.

Andrew R. Herron, Herron Ortiz, Brian John Lechich, Coral Gables, FL, for Defendant.

***PAPERLESS ORDER ADOPTING [79] REPORT AND RECOMMENDATION.***

BARRY L. GARBER, United States Magistrate Judge

PAPERLESS ORDER ADOPTING [79] REPORT AND RECOMMENDATION. This cause is before the Court on Defendant JPMorgan Chase Bank, N.A.'s ('Chase') [62] Motion for Taxable Costs and [67] Motion for Attorney's Fees. The Court referred this matter to the Honorable Barry L. Garber, United States Magistrate Judge, who issued a [79] Report and Recommendation recommending that the motions be granted. Plaintiff Hsi

(Mark) Chang filed objections and Chase responded.

Chang objects to the Report and Recommendation on two main grounds. First, Chang argues that the Report incorrectly concludes that Chase's motions for fees and costs are timely. In support, Chang urges the Court to construe the thirty-day time period of Section 768.79 of the Florida Statutes as substantive state law, rather than procedural state law, in which case this Court would have to determine the timeliness of Chase's motions under Section 768.79, not its own local rules, pursuant to the Erie doctrine. The Court rejects this reading. The Supreme Court of Florida has interpreted the thirty-day time period of Section 768.79 as procedural. See *Gulliver Acad., Inc. v. Bodek*, 694 So.2d 675, 676 (Fla.1997), superseded on other grounds by *Saia Motor Freight Line, Inc. v. Reid*, 930 So.2d 598 (Fla.2006) ('In accord with this analysis, we agree with the First District in Gilbert and hold that the time periods in these statutes are procedural and are governed by the Florida Rules of Civil Procedure.') Under Erie, then, the Court's local rules govern this dispute over attorney's fees and costs. Because Chase's motions were filed within sixty days of this Court's order dismissing Chang's claims with prejudice, as required under Local Rule 7.3(a), the motions are timely.

Chang next objects to the Report and Recommendation on the grounds that Chase's offer of settlement was not made in good faith. In determining whether an offeror has made an offer in good faith, a court should take into account the following factors: (1) the amount of the offer; (2) the offerors potential exposure; (3) the complexity and closeness of the case; and (4) the offerors justification for the offer. See *Pickett v. R. J. Reynolds Tobacco Co.*, 948 F.Supp.2d 1314, 1317 (M.D.Fla.2013) (citation omitted). The burden is on Chang to prove that Chase acted without good faith in making its offer of judgment. See *Pickett*, 948 F.Supp.2d at 1317. For the reasons articulated by Judge Garber in his Report, Chang has failed to carry his burden of establishing that Chase's settlement offer was not made in good faith.

Accordingly, it is ordered and adjudged that the [79] Report and Recommendation is adopted. The Chase's [62] Motion for Taxable Costs and [67] Motion for Attorney's Fees are granted. Chang is ordered is to pay to Chase $48,702.80 in attorney's fees and $4,742.68 in costs.

Signed by Chief Judge K. Michael Moore on 9/25/2015. (mg00)

## REPORT AND RECOMMENDATIONS

THE COURT has received, pursuant to referrals from Chief United States District Judge K. Michael Moore (DEs 68 & 71), defendant JPMorgan Chase Bank, N.A.'s ("Chase") Verified Motion for Attorney Fees (DE 67) and Motion for Taxable Costs (DE 62) and the concomitant responses and replies thereto. The Court has carefully reviewed these filings, along with all accompanying exhibits, as well as the entirety of the file in this case. Upon due consideration and for the following the reasons, the Court respectfully RECOMMENDS GRANTING both motions (DE 62 & 67) as detailed below.

### I. *Background*

This action arises from a wire-fraud scheme perpetrated by Charles C. Gordon wherein Gordon induced the plaintiff Hsi "Mark" Chang to deposit $750,000 into an account at Chase and then immediately withdrew and misappropriated the funds for his own use. (Order Granting Def.'s Mot. to Dismiss DE 58, 1–2.) To effectuate his scheme Gordon opened three accounts, two checking and one savings, at Chase in the name of two sham business

entities. (*Id.* at 2.) As the president of each business entity, Gordon was authorized to transact in each of the accounts while Chase was apparently unaware of the fraudulent activity. (*Id.*) The federal government eventually indicted Gordon for wire fraud to which he ultimately pled guilty, specifically admitting to defrauding Chang of the $750,000 he had deposited. (*Id.* at 3.) Chang's complaint in this Court then followed.

In his amended complaint, seeking to hold Chase liable for his $750,000 loss, Chang alleged negligence; gross negligence; aiding and abetting fraud; and aiding and abetting conversion. (Am. Compl. DE 15.) In response, Chase filed a motion to dismiss which Chief Judge Moore granted on all counts. (Order DE 58.) Chang's motion for reconsideration was thereafter denied as well. (Order DE 75.)

Pursuant to section 768.79, Florida Statutes, Southern District of Florida Local Rule 7.3, and 28 U.S.C. § 1920, Chase now seeks awards of certain attorneys' fees and taxable costs, as detailed below.

## II. *Chase is entitled to attorneys' fees pursuant to Florida Statutes section 768.79.*

Chang objects to Chase's entitlement to fees on three general grounds. First, Chang complains that Chase's motion for an award of fees is untimely. Second, he argues that Chase did not make its offer for settlement in good faith. Lastly, Chang submits that his motion for reconsideration, if granted, would strip Chase of its status as a prevailing party thereby precluding it from recovering its fees. This last argument is now moot since Chang's motion was denied. (Order DE 75.)

### A. *Chase's motion for attorneys' fees is timely.*

■ Chang submits that Chase's motion for fees is untimely according to the requirements set forth in Florida Statutes, section 768.79(b). Under this section, "upon motion made ... within 30 days after the entry of judgment or ... dismissal, the court shall determine" an award of attorneys' fees. As Chang points out, the district court entered its order dismissing Chang's claims with prejudice and directing the clerk to close the case on December 8, 2014. Chase did not file its motion for fees until February 4, 2015, obviously well beyond the 30 days set forth in the state statute.

In reply, on the other hand, Chase points out that the applicable time requirements are those set forth in Southern District of Florida Local Rule 7.3. Under this local federal rule, a fees motion "must be served but not filed at least thirty ... days prior to the deadline for filing any motion for attorneys fees and/or costs." S.D. Fla. R. 7.3(b). Then, "[w]ithin twenty-one ... days of service of the draft motion, the parties shall confer." *Id.* If efforts to resolve the motion by agreement of the parties fail, the "motion shall ... be filed within sixty ... days of the entry of ... final judgment." S.D. Fla. R. 7.3(a).

■ Chang contends that Local Rule 7.3 impermissibly enlarges the time within which the state fees statute requires that fees motions be filed. (Pl.'s Resp. DE 69, 4.) In his attempt to sidestep the inescapable proposition that "[u]nder the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law,"[1] Chang clings to a 2007 order issued by the District Court of the

---

1. *Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996).

Middle District of Florida. In that order, the court had before it a losing plaintiff objecting to a prevailing defendant's motion for attorneys' fees (sought under the same Florida statute), much like the posture here. *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, No. 6:06–cv–1562–Orl–31KRS, 2007 WL 2376036 (M.D.Fla. Aug. 16, 2007). Unlike here, however, the applicable local federal rule in *Essex Builders* required a prevailing party to file its motion for fees within fourteen days of the entry of judgment, as opposed to the thirty days provided for by the state statute. The plaintiff in *Essex Builders* argued that the federal procedural rule applied and therefore, since the motion there had been filed twenty-eight days after the entry of judgment, it was untimely. The court, however, declined to apply the local federal rule, instead allowing the prevailing defendant the thirty days provided for in the state statute. In declining to apply the federal rule, the court noted that "section 768.79 is substantive for present purposes." *Id.* at *2.

The Court finds *Essex Builders* inapplicable for a number of reasons. One, the court there avoided any scrutiny of the procedural aspects of the state statute. Instead, the court looked to the right conferred by the state statute generally and found it to be substantive for *Erie* purposes. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In doing so, the court there appears to have chosen not to deny a prevailing party its entitlement to a state afforded right based on non-compliance with a federally imposed time limit while that party was still in compliance with the state time restrictions. *Essex Builders*, 2007 WL 2376036 at *2; *see also Maale v. Kirchgessner*, No. 08–80131–CIV, 2011 WL 1549058, at *5

(S.D.Fla. Apr. 22, 2011) ("While it is true that a court can deny a motion for failure to comply with the Local Rules, Maale has cited to no authority that requires a court to do so. Strict compliance with the Local Rules is always preferred and non-compliance may warrant appropriate sanctions; however, under the present facts the Court ... finds that it is properly within the Court's discretion to determine that the limited non-compliance did not warrant denial of the entire motion for attorney's fees."). The court in *Essex Builders* thereby had no occasion to determine whether there might be procedural aspects, or subsections, of the generally substantive right to fees conferred by the offer of settlement state statute.

 Despite regarding section 768.79 as substantive for *Erie* purposes, this Court, in considering the issue, has no doubt that it includes both procedural and substantive provisions. *E.g., De Varona v. Discount Auto Parts, LLC*, 935 F.Supp.2d 1335 (S.D.Fla.2013) (noting that section 768.79 "includes both procedural and substantive provisions"); *Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F.Supp.2d 1349, 1353, 1357–58 (S.D.Fla.2010). Further, the Court finds inescapable the conclusion that section (6) of the statute, in particular, setting forth the thirty-day requirement, is strictly procedural in nature. *See Gulliver Acad., Inc. v. Bodek*, 694 So.2d 675, 676 (Fla.1997) ("in accord with this analysis, we agree with the First District ... and hold that the time period in these statutes [including section 768.79, Fla. Stat.] are procedural and are governed by the Florida Rules of Civil Procedure.");[2] *Kowalski v. Jackson Nat. Life Ins. Co.*, No. 12–60597–CIV, 2014 WL 4101567, at *4 (S.D.Fla.2014) (recognizing that the pre-

---

**2.** When applying state law in diversity cases, a federal court must look to the highest state court for guidance. *Molinos Valle Del Cibao,*

*C. por A. v. Lama,* 633 F.3d 1330, 1348 (11th Cir.2011).

vailing party's belief that it had to file its motion within thirty days as required under the state statute, though misguided, was understandable and also noting that while the prevailing party should have complied with local rule 7.3, the court was not necessarily required to deny the motion for non-compliance). In addressing the procedural issue then, the Court finds the federal, and not the state, rule of procedure applicable here.

Secondly, the court in *Essex Builders* was faced with the question of whether a local federal rule properly curtailed, rather than expanded, the time afforded to seek entitlement to a right conferred by a state statute. Here, the Court examines not only a different federal rule; but a rule that actually enlarges the time period for availing oneself of the right conferred by the state statute. As pointed out by Chase, the Florida Supreme Court has determined that not only are the time limits set forth in the statute section procedural, they may also be extended by a court under procedural rules. *Gulliver Acad., Inc.*, 694 So.2d at 676. As a federal court sitting in diversity looks to federal law for procedural issues, the local rules adopted by this Court, which allow a motion to be filed within sixty days, would then apply.

Thus, not only is the Middle District's order in *Essex Builders* not binding on this Court, the Court does not find it particularly persuasive or applicable to the case now before it. Therefore, as for Chase's contention that the *Essex Builders* decision was based on an incorrect assumption, the Court has no occasion to opine on that point one way or another.

Chang also directs the Court's attention to *Villano v. Boynton Beach*, an Eleventh Circuit case, for the proposition that the procedural requirements of a local federal rule "cannot overrule the express mandate of the substantive Florida statute." (Pl.'s Resp. DE 69, 3 (citing *Villano v. Boynton Beach*, 254 F.3d 1302, 1309–10 (11th Cir. 2001)).) To the extent that Chang is saying that state law applies to substantive issues before a federal court sitting in diversity, the Court, of course, concurs. *See, e.g., Gasperini*, 518 U.S. at 427, 116 S.Ct. 2211 (citing *Erie*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). To the extent, however, that Chang relies on *Villano* for the proposition that a federal court sitting in diversity must apply state law to procedural issues, the assertion fails. First, the *Villano* court was dealing with a prevailing party's entitlement to fees in a civil rights action brought under 42 U.S.C. § 1983. Thus *Erie* concerns were not an issue there. Second, even if the *Villano* case was applicable here, the court there opined, without restriction, that "[i]t is beyond dispute that district courts remain free to adopt local rules establishing timeliness standards for the filing of claims for attorneys' fees." *Villano*, 254 F.3d at 1309 (quoting *White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 454, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982)). In short, Chang's reliance on *Villano* is unavailing.

To summarize, contrary to Chang's urging, the Court finds that federal procedural law controls the Court's evaluation of the timeliness of Chase's motion for fees while Florida law controls Chase's substantive entitlement to the fees. Since Chase has complied with the procedural time restraints set forth in local rule 7.3, the Court finds Chase's motion timely.

**B.** *Chang has failed to carry his burden of showing that Chase's offer of judgment was not made in good faith.*

The burden is on Chang to prove that Chase acted without good faith in making its offer of judgment. *See Pickett*

*v. R.J. Reynolds Tobacco Co.,* 948 F.Supp.2d 1314, 1317 (M.D.Fla.2013). In determining whether an offeror has made an offer in good faith, a court should take into account the following factors: (1) the amount of the offer; (2) the offeror's potential exposure; (3) the complexity and closeness of the case; and (4) the offeror's justification for the offer. *Pickett,* 948 F.Supp.2d at 1317 (citing *Arrowood Indem. Co. v. Acosta, Inc.,* 58 So.3d 286, 289 (Fla. 1st DCA 2011). The Court finds that the balance of the factors in this case undermines Chang's contention that the offer was not made in good faith.

 Chase offered Chang $5,000 to settle this case. Chang characterizes the amount of Chase's offer as "minimal" and "de minimis," intended only to force Chang into accepting an unreasonable offer for fear of having to pay Chase's attorneys' fees should Chang refuse and ultimately obtain a lesser judgment. (Pl.'s Resp DE 69, 5, 8 (quoting *James v. Wash Depot Holdings, Inc.,* 489 F.Supp.2d 1336, 1340 (S.D.Fla.2007)).) Chang relies on *Pickett* for the proposition that a judgment in favor of the defense does not necessarily establish the reasonableness of an offer of judgment. (Pl.'s Resp. DE 69, 11–12, n. 6 (quoting *Pickett,* 948 F.Supp.2d at 1318).) However, in the *Pickett* case, not only did the matter proceed through trial and verdict, many other factors there, aside from the amount of the offer, weighed in favor of finding a lack of good faith: the timing of the offer on the eve of trial; a potentially very high verdict, including punitive damages, coupled with an uncertain outcome; the court's denial of a number of the defendant's motions shortly before the offer was made; and the protracted and rancorous history of the litigation. Here, however, the plaintiff's claims did not even make it past the dismissal stage. (Order DE 58.) Thus, just because Chase's offer was low when compared to the amount that Chang had already spent on attor-

neys' fees and costs plus his $750,000 loss, does not mean that a finding of bad faith is compelled. "A good faith offer need not equate with the total amount of damages that might be at issue." *Pickett,* 948 F.Supp.2d at 1322 (quoting *Gurney v. State Farm Mut. Auto. Ins. Co.,* 889 So.2d 97, 99 (Fla. 5th DCA 2004). Rather, a nuisance-value level offer may be a perfectly valid offer if the offeror had a reasonable basis for concluding that its exposure was minimal at the time the offer was made. *Pickett,* 948 F.Supp.2d at 1322 (quoting *Fox v. McCaw Cellular Comm. of Fla., Inc.,* 745 So.2d 330, 333 (Fla. 4th DCA 1998)).

Considering the outcome and the procedural posture of this case, the Court does not find that the relatively low amount of the offer, even in light of the losses involved, establishes a lack of good faith. Chase contested the very viability of Chang's claims from the outset. Chase's position that its exposure was minimal was repeated multiple times throughout this litigation. Chase consistently and, as it turns out, correctly insisted that Chang's claims could not result in any liability for the bank. (*E.g.,* Def.'s Mot. to Dismiss DE 12, 2, 24 ("the types of claims Plaintiff brings against Chase in this case are not actionable" and "this Court and other federal courts in Florida and around the country have routinely rejected [Chang's] theory of liability"); Def.'s Mot. to Dismiss DE 26, 1 ("The Amended Complaint does not cure the defects of the original complaint" and "These non-substantive additions do not breathe life into the unavailing claims that Plaintiff continues to assert against Chase."); Def.'s Opp. to Pl.'s Mot. DE 31, 1, 6, 19 ("Plaintiff has tacitly recognized the legal insufficiency of his current claims"; "Each of Plaintiff's causes of action in the proposed second amended complaint remain futile"; and "Plaintiff is grasping at straws here."); Def.'s Mot. to

Cont. DE 48, 4 ("Chase asserts that its Motion to Dismiss the Amended Complaint is clearly meritorious and truly case dispositive.").

Lastly, the Court does not find Chase's proposal to be unjustified. Chase was required to expend a large amount of money to defend against claims which Chase viewed as legally deficient from the beginning. According to Chase, it served its proposal for settlement in an effort to resolve the case before Chase was required to undertake responding to voluminous discovery requests from Chang. Chase's proposal was justified as an attempt to avoid expensive discovery in a case it reasonably believed was meritless. In short, Chang "took his chances and lost." *State Farm Mut. Auto. Ins. Co. v. Marko*, 695 So.2d 874, 876 (Fla. 2d DCA 1997). As Chang did not even make it past the dismissal stage, for Chang to insist that Chase lacked any reasonable basis for believing that it would handily prevail in this litigation imprudently "ignores the inconvenient fact that [Chase] did prevail." *McMahan v. Toto*, 311 F.3d 1077, 1083 (11th Cir.2002). The Court finds that Chang has not carried his burden of establishing that Chase's proposal for settlement was not made in good faith.

### C. *Chase has established its entitlement to its attorneys' fees.*

■ In its motion for an award of attorneys' fees, Chase has set forth the facts supporting an award of the fees it has incurred since October 16, 2014, when it served Chang with its proposal for settlement though November 30, 2014, the date on which Chase's attorneys' fees were last billed. This amount totals $48,578.00 and represents 216.35 hours of work between two partners and two associates. Some of the amounts billed represent only half of the time that was actually expended as certain tasks were shared with a companion case in another district that required

duplicative depositions. As pointed out by Chase, the period billed includes the final month of discovery which entailed multiple all-day depositions, many of which occurred out of state, as well as responding to substantial written discovery. Additionally, until the district court granted Chase's motion to dismiss on December 8, 2014, counsel was required to prepare for both mediation as well as trial, which had been scheduled to commence in early 2015. The hourly rates charged by the four attorneys (basically $300 an hour for each partner and $208 an hour for each associate, not taking into account various "no charges") are, based on this Court's knowledge of and experience with the local market, decidedly reasonable. Further, in scrutinizing the time sheets attached to Chase's motion, detailing the tasks performed for each time entry, the Court finds nothing excessive or unwarranted about Chase's request for fees in the amount of $48,702.80. Nor has Chang objected, likely rightly so, to the reasonableness of the attorneys' rates or the number of hours expended.

Chase notes it has received additional bills since serving its motion for fees on opposing counsel and indicates that it will be amending its motion with respect to fees incurred after November 30, 2014. Having established Chase's entitlement to its fees, the Court encourages the parties to reach an agreement with respect to these remaining fees without resorting to court intervention.

### III. *Costs*

■ Chase also seeks an award for certain taxable costs. As the prevailing party, Chase is entitled to costs under 28 U.S.C.§ 1920 unless there is a sound basis for denying them. *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir.2000); Fed. R. Civ. P. 54(d)(1). Chang's only

objection to Chase's request for its costs was his prediction that the district court would be granting his motion for reconsideration under Rule 59(e) thereby eliminating Chase's status as the prevailing party. This motion, however, was not in fact granted and so Chang's sole objection is moot.

■■■ Despite there being no viable objection from Chang regarding Chase's claim for costs, the Court must, of course, nonetheless review the requests to ensure that they are allowable under the statute. *See Azam–Qureshi v. The Colony Hotel, Inc.*, 540 F.Supp.2d 1293, 1300 (S.D.Fla. 2008). Chase seeks only costs incurred under section (2) which are "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C.§ 1920(2). These fees were incurred for depositions of the plaintiff as well as five others, whose depositions were all noticed by Chang. Even though the case did not proceed to trial, the costs are nonetheless taxable. *See Catanzaro v. Ala. State Port Auth.*, No. 05–0358–CG–C, 2006 WL 3933275, at *3 (S.D.Ala. Dec. 7, 2006) (finding that depositions were necessarily obtained for use in the case despite the entry of summary judgment).

Thus, the costs sought by Chase, in the amount of $4,742.68, representing the full costs of the deposition transcripts for Chang, William Lin, and Chris Lim and half the cost of the deposition transcripts for Mario Torano, Rumaldo Hernandez, and Olga Perdomo (since those depositions were also noticed in a companion case) are appropriate and taxable.

## IV. *Conclusion*

Chase has met its obligations under Florida's offer of judgment statute and is entitled to recover from Chang $48,702.80 in fees. Chase has also established its entitlement to the $4,742.68 it has requested in taxable costs under 28 U.S.C. § 1920.

The Court therefore respectfully RECOMMENDS that:

(1) Chase's motion for fees (DE 67) be GRANTED such that defendant Chase shall recover $48,702.80 in attorneys' fees incurred through November 30, 2014 from plaintiff Chang and that Chase be permitted to file a supplemental motion, if necessary, regarding later incurred fees; and

(2) Chase's motion for taxable costs (DE 62) be GRANTED such that defendant Chase shall recover $4,742.68 in costs from plaintiff Chang.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have fourteen days from the date of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, Chief United States District Judge. *See also* 28 U.S.C. § 636. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. *Lo-Conte v. Dugger*, 847 F.2d 745, 750 (11th Cir.1988), *cert. denied*, 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988).