PER CURIAM.
Kendall Country Estate, Inc., (Kendall Country) the defendant below, appeals from the trial court’s Order Granting the Plaintiffs’ Motion to Strike Defendant’s Motion for Attorney’s Fees and Denying the Defendant’s Motion for Entry of Findings of Fact.
■ In December 1998, Kendall Country served an offer of judgment on the plaintiffs pursuant to section 768.79, Florida Statutes (1997). On November 5, 1999, a jury rendered a defense verdict. On November 15, 1999, plaintiffs moved for a new trial and on November 24, Kendall Country filed a motion for final judgment and to reserve jurisdiction on fees and costs. The court reserved its ruling on both motions at the December 3, 1999 hearing. On December, 7, 1999, Kendall Country received a copy of the court’s December 3, 1999 order denying the plaintiffs’ motion for new trial. The court had not ruled on Kendall Country’s motion for final judgment. Defense counsel wrote the court requesting judgment be entered in accordance with the previously filed motion for final judgment and reservation of jurisdiction to award attorney’s fees. On December 10, 1999, thirty-five days after the verdict was rendered, the court signed the final judgment which had been proposed by Kendall Country on November 24, 1999, and which “reserve[d] jurisdiction for purposes of taxing costs and fees, if any, upon appropriate motion.” On December 15, 1999, Kendall Country served its motion for attorney’s fees on the plaintiffs. . On January 6, 2000, the plaintiffs filed their motion to strike Kendall Country’s motion for fees as untimely, as it was filed more than thirty days after the verdict. Kendall Country filed a Motion for Entry of Findings of Fact, which the court treated as a Motion.to Establish Excusable Neglect. The .court granted the plaintiffs’ motion to strike and denied Kendall Country’s motion, ruling that “the timing of a motion [for attorney’s fees and costs] is triggered by the date of the verdict, not the date of the judgment.” The court found that its delay in entering the final judgment with reservation of jurisdiction *1004 to award fees does not constitute excusable neglect on the part of Kendall Country. We affirm.
The court properly struck the motion for fees because Kendall Country failed to file it within thirty days of the verdict; the court did not reserve jurisdiction to award fees within thirty days of the verdict; and Kendall Country failed to show excusable neglect. See Fla. Rule Civ. P. 1.442(g); see also Gulliver Academy, Inc. v. Bodek, 694 So.2d 675, 677 (Fla.1997); Barrero v. Ocean Bank, 729 So.2d 412 (Fla. 3d DCA 1999); Spencer v. Barrow, 752 So.2d 135 (Fla. 2d DCA 2000). As the Florida Supreme Court stated in Gulliver Academy, “there could be a reservation of jurisdiction in a final judgment on a jury verdict which would not be timely if the final judgment was not entered within thirty days of the verdict. In that situation, the party would have to show excusable neglect.” 694 So.2d at 677.
We agree with the trial court that its delay in entering the final judgment with a reservation of jurisdiction to award fees does not constitute excusable neglect under Florida Rule of Civil Procedure 1.090(b)(2). As the trial court ruled:
The Defendant was obligated to file its motion within 30 days of the verdict. Nothing prevented the Defendant from doing this: There is no rule or case law which excuses the Defendant’s obligation simply because the Court has the right to reserve jurisdiction to award fees if it acts within the thirty (30) days of the verdict. In other words, the Defendant had the ability to comply with the law and simply failed to do so.
Affirmed.