840 So.2d 1153 (2003)
Daryl M. CARTER, etc., Appellant,
v.
LAKE COUNTY, etc., et al., Appellees.
No. 5D02-2205.
District Court of Appeal of Florida, Fifth District.
March 28, 2003.
*1154 M. Bradley Luczak of Sobering, White & Luczak, P.A., Winter Park, for Appellant.
Melanie N. Marsh, Lake County Attorney's Office, Tavares, for Appellee Lake County.
No Appearance for Appellees CSX and Robert McKee.
SAWAYA, J.
Daryl Carter appeals the denial of his motion for attorney's fees. The trial court denied the motion because, contrary to the requirement of Florida Rule of Civil Procedure 1.525, the motion was served on Lake County more than thirty days after Lake County served its notice of voluntary dismissal on Carter. Carter argues that the notice served on him was actually a notice of dropping a party under Florida Rule of Civil Procedure 1.250, which does not contain a thirty-day time limit for filing a motion for fees and, alternatively, that he established excusable neglect under Florida Rule of Civil Procedure 1.090(b) to allow his motion to be heard on the merits.
Although we conclude that the notice was a notice of voluntary dismissal under rule 1.420 and that Carter failed to comply with the time limits of rule 1.525 to serve his motion for fees, we reverse because the trial court failed to apply the correct standard to determine whether excusable neglect was established under rule 1.090(b). We will discuss the factual and procedural background of this case, our analysis that leads us to the conclusion that the notice was a notice of voluntary dismissal under rule 1.420, and the correct standard that should be applied when determining whether a party has established excusable neglect under rule 1.090(b).

Factual And Procedural Background
In order to resolve the issues before us, it is not necessary to give a detailed account of the facts of the underlying eminent domain action. Suffice it to say that Lake County filed a petition seeking to acquire certain property and named Carter, CSX Transportation (CSX), and others as respondents. Lake County subsequently filed an amended petition that named only CSX and the tax collector as parties. Lake County formalized its act of dropping Carter as a party by filing a Notice of Dropping Parties pursuant to rule 1.250(b). Carter then filed a motion to intervene, claiming ownership of section 25, which was included in the property described in the amended petition. We note that CSX did not claim any ownership interest in section 25. Shortly thereafter, Lake County and CSX entered into a joint stipulation whereby CSX agreed to an Order of Taking and entry of a final judgment that did not include section 25. CSX, in return, released Lake County from any and all claims. Carter's motion to intervene was thereafter granted on March 12, 2001. A *1155 partial order of taking and final judgment that incorporated the stipulation was entered on May 4, 2001. On May 8, 2001, Lake County filed its Notice of Voluntary Dismissal pursuant to rule 1.420 dismissing Carter and discharging the lis pendens that had been filed against section 25.
On June 19, 2001, Carter filed his motion for attorney's fees pursuant to section 73.901, Florida Statutes. In denying Carter's motion for attorney's fees, the trial court relied on rule 1.525, which provides that "[a]ny party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal."[1] Because Carter missed this deadline, we must analyze the notice served on Carter to determine whether it is a notice of voluntary dismissal or whether it is a notice of dropping a party under rule 1.250 as Carter contends.[2]

The Notice Was A Notice Of Voluntary Dismissal Under Rule 1.420
We reject Carter's argument that the notice is a notice of dropping a party under rule 1.250. An essential distinction between a notice of dropping a party and a voluntary dismissal is that the former concludes the action as to the dropped party while the latter is generally utilized to conclude the action in its entirety. We agree with Lake County that the notice served on Carter was a notice of dismissal under rule 1.420 because it effectively concluded the litigation. At the time Lake County served its notice of voluntary dismissal, the litigation consisted solely of section 25 in which no one other than Carter claimed an ownership interest. CSX had previously settled with Lake County, and an order of partial taking and a partial final judgment were entered encompassing all of the land subject to the litigation except section 25.[3] The record also reveals that Lake County never took possession of section 25 and did not pay any compensation to anyone for section 25. Moreover, Carter's attorney stated on the record that "[w]hen the Notice was received by the Law Firm, it was treated, for the purposes of internal calendaring and tickling, as if it were a notice of voluntary dismissal under Rule 1.420 of the Florida Rules of Civil Procedure...."
Because we conclude that the notice was a notice of voluntary dismissal under rule 1.420, the time limits of rule 1.525 were triggered. Since Carter did not comply with the time limits of rule 1.525, we must next determine whether the trial court applied *1156 the correct standard to determine whether Carter established excusable neglect under rule 1.090(b).

The Proper Standard to Determine Excusable Neglect
Prior to January 1, 2001the effective date of rule 1.525the courts generally held that a party could file and serve a motion for fees and costs within a reasonable time after the date the final judgment was entered. See Ulico Cas. Co. v. Roger Kennedy Constr., Inc., 821 So.2d 452 (Fla. 1st DCA 2002). The purpose of rule 1.525 is to eliminate the reasonable time rule and establish a time requirement to serve motions for costs and attorney's fees. Id. Carter seeks refuge from this time requirement in the provisions of rule 1.090(b), which provides in pertinent part:
When an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown the court at any time in its discretion (1) with or without notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect,....
Fla. R. Civ. P. 1.090(b) (emphasis added). Carter contends that the missed deadline was the result of excusable neglect based on a breakdown of the tickler and calendar systems in his office. Carter further contends that the trial court erred in failing to apply the liberal approach applied by the courts when determining whether excusable neglect exists under rule 1.540. Carter argues that excusable neglect should be given the same meaning regardless of where it appears in the rules.
At the outset of our discussion, we note that Lake County does not argue that the excusable neglect provisions of rule 1.090(b) do not apply to the time limits of rule 1.525. We can discern no valid reason, either in the provisions of the rules or the case law, that would support such an argument and perhaps Lake County could not either. Moreover, the pertinent part of rule 1.090(b) that states that it applies to acts required to be done "within a specified time ... by these rules ..." clearly indicates that it applies to all time limits in the Florida Rules of Civil Procedure, including the time limitations of rule 1.525, unless a particular rule states otherwise.
Hence, we turn our attention to the proper standard for determining whether excusable neglect has been shown under rule 1.090(b). We begin our analysis by noting that there is no precise definition of the term "excusable neglect" in the rules or the case law. Therefore, excusable neglect remains a general concept that must be applied on a case-by-case basis. We also note that most of the cases that deal with excusable neglect determinations do so in the context of rule 1.540(b). While these cases provide guidance as to how the term should be applied in a variety of factual situations, the question we must decide is whether we should apply the same standard utilized to determine excusable neglect under 1.540 to situations where a party seeks relief based on excusable neglect under rule 1.090(b).
We can find no sound reason for giving the term "excusable neglect" different interpretations depending on the particular rule of civil procedure that is being applied. We believe the better reasoned approach is to give the term the same meaning and consistently apply it wherever it appears in the rules of civil procedure unless a rule prescribes a particular definition of the term. This approach is not new *1157 or novel. Our research has revealed that Florida courts have consistently looked to and applied case law decided under rule 1.540 when deciding whether excusable neglect has been shown under the provisions of other rules. See, e.g., Oglesby-Dorminey v. Lucy Ho's Rest., 815 So.2d 749 (Fla. 1st DCA 2002); Steinhardt v. Intercondominium Group, Inc., 771 So.2d 614 (Fla. 4th DCA 2000); Spencer v. Barrow, 752 So.2d 135 (Fla. 2d DCA 2000); see also Kendall Country Estate, Inc. v. Pierson, 826 So.2d 1002 (Fla. 3d DCA 2001); Hernandez v. Page, 580 So.2d 793 (Fla. 3d DCA 1991).
We find support for our decision in the opinions rendered by the federal courts interpreting Federal Rules of Civil Procedure 6(b) and 60(b). We find these opinions persuasive because rule 1.090 is substantially the same as Federal Rule 6, and rule 1.540 is substantially the same as Federal Rule 60. The Florida courts have consistently held that "[f]ederal case law which construes a federal rule after which a Florida rule is patterned may be considered in interpreting the Florida rule, as it must be assumed that in adopting a rule identical to a federal rule, our supreme court intended to achieve the same results that would obtain under the federal rule." Sheradsky v. Basadre, 452 So.2d 599, 602-03 (Fla. 3d DCA 1984) (citations omitted), petition for review denied sub nom. Commercial Laundries, Inc. v. Basadre, 461 So.2d 113 (Fla.1985).
A leading federal case that discusses the application of the excusable neglect standard under Federal Rules of Civil Procedure 6(b) and 60(b) is Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), wherein the Court was confronted with the issue of whether an attorney's inadvertent failure to file a proof of claim in a bankruptcy proceeding could constitute "excusable neglect" within the meaning of Federal Rule of Bankruptcy Procedure 9006(b)(1). The Court, noting that the term "excusable neglect" appears in Federal Rules of Civil Procedure Rules 6(b) and 60(b), analyzed how the term "excusable neglect" was interpreted by the courts when applying those rules and gave a similar liberal interpretation to the bankruptcy rule under consideration. Specifically, the Court held that the determination of whether the failure to abide by a specified time limit constitutes excusable neglect is in essence an equitable one which should take into account all of the relevant circumstances, including prejudice to the other party, the reason for the delay, the duration of the delay, and whether the movant acted in good faith. Id. at 395, 113 S.Ct. 1489. The Court concluded that excusable neglect "contemplate[s] that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Id. at 388-89, 113 S.Ct. 1489.
The Pioneer standard for determining "excusable neglect" has been extended beyond the bankruptcy context by the federal courts that have applied it to other procedural rules when determining whether excusable neglect has been established. See Stutson v. United States, 516 U.S. 193, 116 S.Ct. 600, 133 L.Ed.2d 571 (1996); Graphic Communications Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1 (1st Cir.2001); Weinstock v. Cleary, Gottlieb, Steen & Hamilton, 16 F.3d 501 (2d Cir.1994); United States v. Hooper, 9 F.3d 257 (2d Cir.1993); Clark v. Runyon, 165 F.Supp.2d 920 (D.Minn.2001); In re Cendant Corp. Prides Litig., 189 F.R.D. 321 (D.N.J.1999), aff'd, 233 F.3d 188 (3d Cir.2000); In re Crazy Eddie Sec. Litig., 906 F.Supp. 840 (E.D.N.Y.1995). Specifically, the federal courts have applied *1158 Pioneer to excusable neglect determinations under rule 6(b)[4] and rule 60(b).[5]
We conclude that the approach taken by the Supreme Court and adopted by subsequent federal courts supports our decision to interpret the excusable neglect provisions in the various rules of civil procedure similarly and consistently and to, therefore, utilize the same standardthe rule 1.540 standardto make excusable neglect determinations, unless a specific rule provides otherwise. It is evident from the provisions of the trial court's order under review that it eschewed the liberal standard applied by the courts in rule 1.540 cases by adopting a more stringent excusable neglect standard for rule 1.090(b). This was error.

Conclusion
The notice served by Lake County was a notice of voluntary dismissal that triggered the time limitations of rule 1.525 for filing motions for fees and costs. Carter clearly missed that deadline. However, the trial court applied the wrong standard in determining that Carter did not establish excusable neglect under rule 1.090. We therefore conclude that the appropriate remedy is for us to reverse the order denying Carter's motion for fees and remand this case to allow the trial court the opportunity to apply the correct excusable neglect standard.[6]
REVERSED and REMANDED.
SHARP, W. and ORFINGER, JJ., concur.
NOTES
[1] This rule does not eliminate the pleading requirements established by the court in Stockman v. Downs, 573 So.2d 835 (Fla. 1991), to entitle a party to attorney's fees. See Amendments to Fla. Rules of Civil Procedure, 773 So.2d 1098, 1099 (Fla.2000).
[2] Lake County presents an alternative argument that even if the notice was served pursuant to rule 1.250(b) as Carter contends, the rule provides that parties may be dropped in the manner provided for voluntary dismissal in rule 1.420(a)(1) and, therefore, all aspects of rule 1.420(a)(1) are triggered, including the time limit provided for filing a motion for fees under rule 1.525. Because we conclude that the notice was a notice of voluntary dismissal pursuant to rule 1.420, we will not address Lake County's alternative argument. By our decision in the instant case, we in no way decide whether a notice of dropping a party under rule 1.250 subjects the recipient to the time limits of rule 1.525 for filing a motion for costs and fees. That decision must be left for another day, another case, and possibly another court.
[3] The tax collector's claims were satisfied by CSX pursuant to the joint stipulation it entered into with Lake County. Therefore, at the time the notice of voluntary dismissal was served on Carter, the tax collector was no longer a party; Carter was the only remaining party to the litigation.
[4] See Raymond v. International Bus. Machs. Corp., 148 F.3d 63 (2d Cir.1998); Committee for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 825 n. 4 (9th Cir.1996); 44 Liquormart, Inc. v. Rhode Island, 940 F.Supp. 437, 440 (D.R.I.1996); see also Pratt v. Philbrook, 109 F.3d 18, 19 n. 1 (1st Cir.1997).
[5] Pratt.
[6] We note parenthetically that although the term "excusable neglect" defies precise definition, patterns emanate from the case law applying rule 1.540 from which some very general principles emerge. Generally, the courts do not find excusable neglect in the attorney's misunderstanding or ignorance of the law or rules of procedure. See Spencer. On the other hand, the courts are much more inclined to find excusable neglect when the error occurs due to a breakdown in the mechanical or operational practices or procedures of the attorney's office equipment or staff. See City of Pembroke Pines v. Zitnick, 792 So.2d 677 (Fla. 4th DCA 2001); Wood v. Fortune Ins. Co., 453 So.2d 451 (Fla. 4th DCA 1984); Florida Aviation Acad., Dewkat Aviation, Inc. v. Charter Air Ctr., Inc., 449 So.2d 350 (Fla. 1st DCA 1984); Crystal Lake Golf Course v. Kalin, 252 So.2d 379 (Fla. 4th DCA 1971). Perhaps these principles may be of some benefit to the trial court on remand.