925 So.2d 409 (2006)
Jean H. BOUDOT, Appellant,
v.
James R. BOUDOT, Appellee.
No. 5D05-1669.
District Court of Appeal of Florida, Fifth District.
March 31, 2006.
*411 Joan H. Bickerstaff of Law Office of Joan H. Bickerstaff, P.A., Melbourne, for Appellant.
Pamela Huddleston of Huddleston & Palumbo Robbins & Riddle, P.A., Melbourne, for Appellee.
SHARP, W., J.
The former wife, Jean Boudot, appeals the trial court's denial of her motion for attorney's fees and costs in this dissolution proceeding. The wife's motion was denied because she failed to comply with the 30-day time limit file for filing that motion, as was then required by Florida Rule of Civil Procedure 1.525, and her request to enlarge the time within which to file was denied. We conclude the trial court abused its discretion in denying the wife's request to enlarge the time for filing her motion and accordingly reverse.
The record reflects that in August 2001, the wife filed for dissolution of her 20-year marriage to the former husband, James Boudot. In her petition for dissolution, the wife sought attorney's fees and costs, among other things. The parties ultimately entered into a settlement agreement resolving their financial matters.
At the final hearing in March 2004, the parties informed the judge they had settled all matters except attorney's fees. As to the issue of attorney's fees, the judge stated:
THE COURT: The parties will leave the issue of contribution to Ms. Boudot's attorney's fees for determination by the Court.
The Court will reserve ruling on that, specifically reserve jurisdiction for that purpose.
I will take a look at the affidavits proposed or proffered by counsel, and if I conclude that I need additional argument to understand the reasonableness of a contribution to attorney's fees I will ask counsel to return for an argument on that alone.
Does that constitute the agreement as you understand it, Ms. Abraham [wife's counsel]?
MS. ABRAHAM: Yes, it does, Your Honor.
THE COURT: Ms. Huddleston [husband's counsel]?
MS. HUDDLESTON: Yes, sir. (emphasis added)
Later the judge directed the wife's counsel to "prepare a final judgment on the stipulation of the parties specifically reserving as to the issue of attorney's fees *412 and I will issue the judgment on that in due course." (emphasis added)
At the conclusion of the hearing, the judge dissolved the parties' marriage and incorporated their settlement agreement "reserving only as to the issue of attorneys' fees in terms of the immediate issues and obviously reserve jurisdiction over the subject matter of the parties subject to modification matters which may properly be brought before the Court in the future." The wife's counsel noted that opposing counsel already had an affidavit on attorney's fees and the affidavit was received into evidence.
In May 2004, the court entered the final judgment of dissolution. The judgment provided for attorney's fees as follows:
4. RESERVATION OF JURISDICTION OVER ATTORNEY FEES & COSTS:
Although the Court dissolves the bonds of marriage and accepts the parties' Stipulation and incorporates by reference the MEDIATED SETTLEMENT AGREEMENT entered April 1, 2002, on March 15, 2004, at the Non-Jury Trial, the Court reserved jurisdiction over PETITIONER'S requests for attorney fees and costs from the following MOTIONS in this proceeding.
A. GRANTED: February 13, 2002
Wife's EX PARTE AFFIDAVIT & EXPARTE ORDER FREEZING INTANGIBLE MARITAL ASSETS:
Motion for Contempt referencing attorney fees (regarding EXPARTE AFFIDAVIT AND EXPARTE ORDER FREEZING INTANGIBLE MARITAL ASSETS entered February 13, 2002) filed February 14, 2002 with a Notice of Hearing to be heard at the Non-Jury Trial in this cause. This Motion was addressed at the March 15, 2004 Non-Jury Trial.
B. GRANTED: December 1, 2003
Wife's Motion to Declare November 3, 2001 Agreement Abandoned and in the alternative, Motion to Set Aside Agreement, Motion to Reopen and Allow Additional Testimony heard by this Court on July 19, 2002, Viera, Brevard County, Florida;
C. GRANTED: March 15, 2004
Wife's Motion for Rehearing and Motion to Modify Temporary Relief heard simultaneously with the Non-Jury Trial in this cause;
Based upon review of the Court file and the Attorney Fee affidavit filed by Counsel for WIFE at the Non-Jury Trial on March 15, 2004, the Court makes the following findings of facts with regard to the WIFE's claim for attorney fees and costs as a result of this proceeding:
Jurisdiction is reserved for consideration of attorneys fees for the foregoing concurrent with consideration for attorneys fees for the entire case as reserved in paragraph 12. below.[1]
* * *
12. CONTINUING JURISDICTION:
This Court specifically reserves jurisdiction over the parties hereto and the entire subject matter to enter any further orders concerning enforcement or modification or otherwise that may be equitable, appropriate and just. The Court retains continuing jurisdiction to enter an ORDER incorporated herein on PETITIONER, WIFE'S request to [sic] for attorney fees and costs.
*413 In December 2004, the wife notified the husband that a hearing on attorney's fees would be held on February 17, 2005. On the day before the scheduled hearing, the husband moved to dismiss the wife's motion for failure to comply with Florida Rule of Civil Procedure 1.525. This rule provides that the motion for attorney's fees and costs must be filed within 30 days of the judgment.
The wife filed a response and motion to enlarge time pursuant to rule 1.090(b) based on excusable neglect. In support, the wife stated:
A. The undersigned COUNSEL and staff inadvertently failed to properly calendar 30 days after the entry of the FINAL JUDGMENT the due date in which to file WIFE'S MOTION FOR ATTORNEY FEES AND COSTS in this proceeding. This was an operational error within this office.
B. This mistake and error was caused by inadvertence, mistake and carelessness based upon the factual situation herein.
C. Notice had already been provided to Opposing Counsel for WIFE'S Counsel's Affidavit of Fees, Docket # 84, and Docket # 129, for fees and costs through March 14, 2004.
D. COUNSEL FOR WIFE filed a Supplemental Attorney Fee Affidavit on February 14, 2005 to include the actual Non-Jury Trial date of March 15, 2004, subsequent QDRO, FJ, and IDO matters following thereafter.
E. "NOTICE," the underlying substance of Rule 1.525, has been met resulting in no prejudice to HUSBAND.
At the February 17th hearing, the wife's counsel explained she was claiming excusable neglect based on the following:
I am asserting as excusable neglect the fact that when we received the final judgment, which was finally entered on May 11, 2004, my office did not calendar the thirty day timeframe in which to file the motion for attorney's fees. That was not calendared. The Court's prior statement was that the Court was going to make a ruling and contact the attorneys if a hearing was needed, and when the Court entered the final judgment our office made an oversight on that date. It was not calendared and that this Court should find that there was excusable neglect based on my motion that I have filed yesterday under 1.090b(2).
Later in the hearing, the court asked the wife's counsel:
THE COURT: And are you saying the act of excusable neglect was your office's failure to calendar the thirty day period once the final judgment was entered.
MS. ABRAHAM: Correct. And in conjunction with the Court's announcement that the Court would enter a judgment based on the affidavits filed at the trial level without the need for another hearing but if the Court felt a hearing was needed then the Court would contact counsel.
My office prepared the final judgment with six different lines for the Court to complete findings of facts. Six different blank lines for the Court to also enter its order and then we communicated with the Court in writing in October of  October requesting  October 7, 2004 by way of letter, requesting a ruling on the wife's attorney's fees, as to the status. It was not until December the 20th, 2004 that my office became knowledgeable that a hearing was going to be required.
Again, I'm relying on the Court's announcement in Court March 15, 2004, *414 that the Court intended to make its ruling without any further hearing based on the affidavits proffered by counsel, myself, at that time. And, therefore, my office did not calendar the thirty days and that is in my opinion excusable neglect when I'm relying on the thoughts 
THE COURT: It's all the Court's fault.
MS. ABRAHAM: I'm not blaming the Court.
THE COURT: It's all the Court's fault.
MS. ABRAHAM: I'm stating that my office did not calendar the thirty days and that I believe that we are right in line with excusable neglect in this case based on all the facts and circumstances and that 1.090b does allow an extension of time after the time period has run.
The court took the matter under advisement. It was not until February 23, 2005 that the wife actually filed her motion for attorney's fees and costs.
In April 2005, the court entered an order denying the wife's request for an enlargement of time and her motion for attorney's fees and costs. The court concluded that inadvertence on the part of the wife's counsel in failing to calendar the need to file the motion for attorney's fees and costs within 30 days after the final judgment was "fatal" to her request for those fees.
Prior to January 1, 2001, the courts generally held that a party could file and serve a motion for attorney's fees and costs within a "reasonable" time after the date the final judgment was entered. Carter v. Lake County, 840 So.2d 1153 (Fla. 5th DCA 2003). Effective January 1, 2001, rule 1.525 was added to the rules of civil procedure:
Rule 1.525. Motions for Costs and Attorneys' Fees
Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
The purpose of rule 1.525 was to eliminate the reasonable time rule and establish a "bright line" time requirement to serve motions for costs and attorney's fees. Nicoletti v. Nicoletti, 902 So.2d 215 (Fla. 2d DCA 2005); Gosselin v. Gosselin, 869 So.2d 667 (Fla. 4th DCA 2004); Carter. Rule 1.525 applied to dissolution proceedings by virtue of Florida Family Law Rule 12.020. This rule makes the rules of civil procedure applicable in family law matters except where the family law rules conflict. Wentworth v. Johnson, 845 So.2d 296 (Fla. 5th DCA 2003); Gosselin.
However, application of this "bright line" rule to dissolution proceedings was short-lived. Effective March 3, 2005, the Florida Supreme Court adopted a new rule, Family Law Rule of Procedure 12.525, which expressly provides that rule 1.525 does not apply to dissolution actions. Amendments to the Florida Family Law Rules of Procedure (Rule 12.525), 897 So.2d 467 (Fla.2005).
The court noted the Family Law Rules Committee had proposed the new rule because rule 1.525 was "ill-fitted" to family law matters. This ill fit was causing the trial and appellate courts to apply or interpret the rule inconsistently in family law proceedings:
We agree that rule 1.525 should not apply in family law proceedings. The method of taxation of attorneys' fees and costs in family law cases is quite different from that in civil litigation. Whereas the former is based on need and ability of the parties to pay, the latter is based on prevailing party considerations. Moreover, section 61.16, Florida *415 Statutes (2004), already governs the award of attorneys' fees and costs in family law cases. See also Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997) (noting that "[a]ny determination regarding an appropriate award of attorney's fees in proceedings for dissolution of marriage support, or child custody begins with section 61.16, Florida Statutes"). Because the application of rule 1.525 in family law cases could be creating confusion among the courts, and because there already is a well-established body of statutory and case law authority regarding the award of attorneys' fees and costs in family law matters, we agree with the committee's proposal.
897 So.2d at 467-468.
In Smith v. Smith, 902 So.2d 859 (Fla. 1st DCA 2005), the first district held that the new family rule 12.525 was remedial in nature and was applicable to pending cases, including those on appeal. However, this court has held the rule does not apply retroactively. Reddell v. Reddell, 900 So.2d 670, 672 n. 1 (Fla. 5th DCA 2005). Since the final judgment here was entered well before the effective date of the new family rule, the civil rule applies to the wife's motion and she cannot take advantage of the new family rule.
Nor can the wife take advantage of the reservation of jurisdiction over the attorney's fees issue in the final judgment. Other districts have held that such a reservation of jurisdiction extends the 30-day time limit for filing the motion for fees. See Saia Motor Freight Line, Inc. v. Reid, 888 So.2d 102 (Fla. 3d DCA 2004), rev. granted, 903 So.2d 190 (Fla.2005); Fisher v. John Carter & Associates, Inc., 864 So.2d 493 (Fla. 4th DCA 2004).
However, this court has held that a reservation of jurisdiction in a final judgment does not entitle a party to an automatic extension of the thirty-day time limit to file a motion for fees. Wentworth. Nevertheless, this court went on to note that rule 1.090(b) could be used to enlarge the thirty-day time requirement upon a showing of excusable neglect:
Rule 1.090. Time
* * *
(b) Enlargement. When an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown the court at any time in its discretion (1) with or without notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect, but it may not extend the time for making a motion for new trial, for rehearing, or to alter or amend a judgment; making a motion for relief from a judgment under rule 1.540(b); taking an appeal or filing a petition for certiorari; or making a motion for a directed verdict.
As we have previously observed, there is no precise definition of "excusable neglect" in the Florida rules or the case law. Thus excusable neglect remains a general concept to be applied on a case-by-case basis. Carter.[2]
In Carter, we concluded the same standard should be used to determine excusable neglect under rule 1.090(b) as is used to determine excusable neglect under rule 1.540. We then looked to cases under the comparable federal rules for guidance and *416 cited Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), as a leading federal case on the application of the excusable neglect standard.
In Pioneer Investment Services, the Supreme Court held that excusable neglect contemplates that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. The determination of whether the failure to abide by a specified time limit constitutes excusable neglect is in essence an equitable one which should take into account all of the relevant circumstances, including prejudice to the other party, the reason for the delay, the duration of the delay, and whether the movant acted in good faith.
We also noted that the courts generally do not find excusable neglect based on the attorney's misunderstanding or ignorance of the law or rules of procedure. On the other hand, the courts are much more inclined to find excusable neglect when the error occurs due to a breakdown in the mechanical or operational practices of the attorney's office equipment or staff. 840 So.2d at 1158 n. 6.
If the wife's counsel in the present case simply did not know she was required to file a motion for fees within 30 days, then perhaps her "ignorance of the law" or rules of procedure would not constitute excusable neglect. But here, counsel seems to have been lulled into believing the issue of fees had already been determined in the wife's favor and only the amount remained to be determined.
While counsel may have been mistaken, her belief seems reasonable. The husband apparently had superior financial ability to pay the wife's attorney's fees and so an award of fees to the wife seemed probable. The judge's comments at the March 2004 hearing  "The parties will leave the issue of contribution to Ms. Boudot's attorney's fees for determination by the Court...." "I will take a look at the affidavits proposed or proffered by counsel, and if I conclude that I need additional argument to understand the reasonableness of a contribution to attorney's fees I will ask counsel to return for an argument on that alone...." "Prepare a final judgment on the stipulation of the parties specifically reserving as to the issue of attorney's fees and I will issue the judgment on that in due course.. . ."  suggested the judge would award fees to the wife based on her affidavits unless he decided a hearing was necessary.
Given the judge's comments, the wife's counsel could have reasonably believed that filing a motion for fees was unnecessary. In fact, the wife's counsel drafted the final judgment with blank lines for the judge to enter findings of fact on the wife's claim for attorney's fees.
The husband cannot claim he has suffered any prejudice since he was clearly on notice the wife was seeking fees, based on her dissolution petition and the affidavits for fees her counsel had submitted, and the parties had agreed to leave the issue of fees to the judge to determine. And, if the late filing itself resulted in any additional fees, the court could simply not award those fees.
Other relevant circumstances militate in favor of granting the wife relief. This case involves the dissolution of a long-term marriage in which fees were based on need and ability to pay. The wife established at least a prima facie basis for fees based on the disparity of the parties' earnings. Finally, the Florida Supreme Court *417 has recognized the strict 30-day time limit was "ill-suited" to dissolution actions and wife's claim would not be barred had the final judgment been entered today.
Although the abuse of discretion standard is one of the most difficult for an appellant to satisfy, we conclude the wife met that standard in this case. The trial court's denial of relief to the wife was arbitrary and unreasonable, particularly considering the court may have caused counsel to believe that filing a motion for fees was unnecessary. See Gibson v. Buice, 381 So.2d 349 (Fla. 5th DCA 1980) (trial court abused its discretion in denying motion for relief from judgment based on excusable neglect where counsel's failure to take timely appeal was the result of the trial court's failure to mail copies of judgment to parties). Accordingly, we reverse the order which denied the wife's request for an enlargement of time and denied her motion for attorney's fees and costs and remand this cause for further proceedings.
REVERSED and REMANDED.
TORPY and LAWSON, JJ., concur.
NOTES
[1] The underlined portion was handwritten.
[2] Our standard of review is abuse of discretion. Smith, 902 So.2d at 861.