SCHWARTZ, Senior Judge.
We find there is clear error in each of the two post-final default judgment of foreclosure orders challenged on appeal:
1) There is no lawful basis for the order granting a Fla. R. Civ. P. 1.540(b)(1) motion for relief from the default judgment, which was based upon the mortgagee’s conscious and deliberate — but sadly mistaken — decision, made contrary to advice of counsel, that it was not necessary to answer the complaint. A conscious decision not to comply with the requirements of the law cannot be “excusable neglect” under the rule or any other equivalent requirement. See Geer v. Jacobsen, 880 So.2d 717 (Fla. 2d DCA 2004) (holding that a conscious but erroneous decision not to answer complaint cannot be excusable neglect); U.S. v. Hooper, 43 F.3d 26 (2d Cir.1994) (holding that failure to file timely notice of appeal due to ignorance of the law does not establish excusable neglect justifying late filing).
2) The same is true of the order vacating the regularly conducted judicial sale of the property at which the appellant was the purchaser. See Lazcar Intern., Inc. v. Caraballo, 957 So.2d 1191 (Fla. 3d DCA 2007) (“For a trial court to grant a motion to set aside a default final judgment, the moving party must show three things: (1) the failure to file a responsive pleading was the result of excusable neglect; (2) the moving party has a meritorious defense; and (3) the moving party acted with due diligence in seeking relief from the default.”); Cicoria v. Gazi, 901 So.2d 282 (Fla. 5th DCA 2005) (limiting the jurisdiction of a trial court to vacate a judicial sale, after the issuance of a certificate of sale, to instances in which there is misconduct in the sales process or irregularities in the notice process); see also Fla. Stat. § 702.07 *314 (2012) (“[t]he circuit courts of this state, and the judges thereof at chambers, shall have jurisdiction, power, and authority to rescind, vacate, and set aside a decree of foreclosure of a mortgage of property at any time before the sale thereof has been actually made (emphasis added).
The orders under review are therefore reversed and the cause is remanded to the trial court with directions to confirm the final default judgment of foreclosure, the sale, and the certificate of title issued to the appellant.
Reversed and remanded.