IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

HOVERCRAFT OF SOUTH FLORIDA, LLC, ETC.,

      Appellant,

 v.                               Case No.  5D15-2629

RONALD E. REYNOLDS, JOSEPH T.
FISCHER, ET AL.,

      Appellees.

_____/

Opinion filed February 10, 2017

Appeal from the Circuit Court
for Brevard County,
David Dugan, Judge.

Mark D. Shuman, of GrayRobinson, P.A,
Melbourne, for Appellant.

James P. Beadle, of Spira, Beadle &
McGarrell, P.A., Palm Bay, for Appellees
Edmund Seijo, David Kaleel and Lesa
Kaleel.

Patricia K. Olney, of Patricia K. Olney, P.A.,
Merritt Island, for Appellees Ronald E.
Reynolds, Joseph T. Fischer and Eleanor
O. Fischer.

No Appearance for remaining Appellee.


BERGER, J.

      Hovercraft of South Florida, LLC, appeals the trial court's order granting attorney's

fees to Ronald E. Reynolds, Joseph T. and Eleanor Fischer, Edmund Seijo, and David

and Lesa Kaleel (collectively Appellees). Hovercraft argues that the trial court erred in finding that Appellees were entitled to attorney's fees despite their failure to file a motion for attorney's fees within thirty days after the final judgment. We agree and reverse.

The underlying case involved a dispute over the right to use four recreational boat slips in a marina owned by Hovercraft. On June 29, 2010, the case was resolved against Hovercraft by entry of a consolidated final judgment in favor of Appellees that awarded Appellees damages and injunctive relief. The judgment was split into four sections: one each for Reynolds, Seijo, the Fischers, and the Kaleels. The following language was included in each section: "The Court reserves jurisdiction to determine attorney's fees and costs."

On June 30, 2010, Hovercraft filed a motion for new trial and/or rehearing. The motion was denied on November 24, 2010. Thereafter, on December 15, 2010, Seijo and Kaleel filed their Motion for Entry of Final Judgment for Attorney's Fees. Reynolds and Fischer filed their motion for attorney's fees on December 22, 2010. Appellees argued that the consolidated final judgment reserved jurisdiction to determine the amounts of attorney's fees to which the prevailing parties were entitled.

On March 14, 2013, the trial court held a hearing on the attorney's fees issue. The issue was whether Appellees were entitled to attorney's fees in light of the fact that they had filed their request for fees, pursuant to Florida Rule of Civil Procedure 1.525, outside of the thirty-day window after the filing of the final judgment. Citing AmerUs Life Insurance Co. v. Lait, 2 So. 3d 203 (Fla. 2009), Appellees argued that if a party prevailed in a case and the trial court reserved jurisdiction on the issue of attorney's fees, the thirty-day requirement did not apply.

2

In response, Hovercraft asserted that Appellees misread AmerUs and that the thirty-day deadline is only inapplicable when the trial court determines a party's entitlement to attorney's fees in the final judgment and reserves jurisdiction only on the amount of the attorney's fees. Here, Hovercraft argued, the trial court merely reserved jurisdiction on the issue of attorney's fees without identifying which party was entitled to recover.

After the hearing, but before the trial court ruled, Seijo and Kaleel filed a Florida Rule of Civil Procedure 1.090(b) motion for entry of an order allowing the late filing of the motion for entry of a judgment for attorney's fees and costs. In the motion, Seijo and Kaleel argued that the parties had "worked together regarding various procedural/timing matters" and that Hovercraft had previously communicated with Appellees with the understanding that they were entitled to attorney's fees. Seijo and Kaleel maintained that they had relied on that course of conduct in determining that it was unnecessary to comply with the thirty-day requirement of rule 1.525. Seijo and Kaleel noted that they waited to file their motion for attorney's fees until after the trial court entered an order on Hovercraft's motion for rehearing and that "[i]t is not an uncommon practice between members of the local bar to agree to not hold themselves to filing time lines."

Hovercraft opposed the motion, arguing that Seijo and Kaleel's failure to file a timely motion for attorney's fees was not the result of excusable neglect. It also noted that, while the parties had "freely extended courtesies" to each other, Hovercraft's actions could not have "lulled" Seijo and Kaleel into believing they did not need to comply with procedural deadlines.

The trial court ultimately entered an order granting attorney's fees and costs to Appellees. The trial court cited to AmerUs in finding that Appellees were the prevailing parties at trial and were entitled to attorney's fees. The trial court added that Appellees' entitlement to attorney's fees had already been determined, thus eliminating the need for the thirty-day requirement of rule 1.525. As an alternative basis, the trial court determined Appellees established excusable neglect. This appeal followed.

Rule 1.525 establishes a bright-line time requirement for motions seeking attorney's fees and costs. It states:

> Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal, which judgment or notice concludes the action as to that party.

Fla. R. Civ. P. 1.525. The rule sets forth an outside deadline of thirty days for service of the motion. Barco v. Sch. Bd. of Pinellas Cty., 975 So. 2d 1116, 1124 (Fla. 2008). The thirty-day time limit is not tolled by a motion for rehearing. Jackson v. Anthony, 39 So. 3d 1285, 1286 (Fla. 1st DCA 2010). Though an extension of time may be granted, absent excusable neglect, a motion seeking an extension must be filed within the thirty-day time period. See Fla. R. Civ. P. 1.090(b); see also Hart v. City of Groveland, 919 So. 2d 665, 668 (Fla. 5th DCA 2006) ("[A]n extension of time to file a motion for costs and attorney's fees, provided by Florida Rule of Civil Procedure 1.090(b) must be filed within the 30-day period, unless excusable neglect can be established." (citing Lyn v. Lyn, 884 So. 2d 181, 185 (Fla. 2d DCA 2004))).

Appellees' attempt to use AmerUs to support their argument that the thirty-day requirement did not apply is misguided. In AmerUs, the final judgment included a

4

statement that the defendant was "liable to the plaintiff" for attorney's fees. 2 So. 3d at 204. By contrast, here, the trial court did not make any statement suggesting Appellees were entitled to attorneys' fees at the time of filing the final judgment. The final judgment simply states, "[t]he Court reserves jurisdiction to determine attorney's fees and costs." This is a distinction with a difference.

Reserving jurisdiction to award fees does not override the thirty-day requirement of rule 1.525. Hart, 919 So. 2d 668. In order to avoid the thirty-day requirement, the judgment itself must determine entitlement to attorney's fees and costs and reserve jurisdiction only as to the amount owed. AmerUs, 2 So. 3d at 207-08. Contrary to the trial court's determination, the final judgment in this case did not determine entitlement to attorney's fees. As such, Appellees were required to file their motion for fees within thirty days of entry of the final judgment.[1] This they did not do. As such, it was error to determine otherwise.[2]

With regard to Seijo and Kaleel, our analysis does not end here. Inasmuch as they filed a rule 1.090(b) motion for extension of time to file their motion for attorney's fees three years after entry of the consolidated final judgment, we must now determine whether the trial court erred in granting the motion for fees on the alternative theory of excusable neglect.

---

[1] Notably, Appellees filed their respective motions for attorney's fees within thirty days of the trial court's order denying Hovercraft's motion for rehearing. This strongly suggests Appellees were aware they were required to file the motion and mistakenly believed the thirty-day requirement set forth in Florida Rule of Civil Procedure 1.525 was tolled while the motion for rehearing was pending.

[2] As for Reynolds and Fischer, this is fatal to their cause. Because neither party sought an extension of time under rule 1.090(b) to file their motion for fees, this ends our analysis as to them.

Rule 1.090(b) provides:

> **(b) Enlargement.** When an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown the court at any time in its discretion (1) with or without notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) <u>upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect</u>, but it may not extend the time for making a motion for new trial, for rehearing, or to alter or amend a judgment; making a motion for relief from a judgment under rule 1.540(b); taking an appeal or filing a petition for certiorari; or making a motion for a directed verdict.

Fla. R. Civ. P. 1.090(b) (emphasis added).

We review a trial court's finding of excusable neglect for an abuse of discretion. <u>See</u> <u>Dep't of Transp. v. Southtrust Bank</u>, 886 So. 2d 393, 396 (Fla. 1st DCA 2004) (citing <u>Lyn</u>, 884 So. 2d at 185). This Court has previously held that the proper standard for determining excusable neglect in failing to comply with a procedural rule involves taking "into account all of the relevant circumstances, including prejudice to the other party, the reason for the delay, the duration of the delay, and whether the movant acted in good faith." <u>Carter v. Lake Cty.</u>, 840 So. 2d 1153, 1157 (Fla. 5th DCA 2003) (citing <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993)). However, an attorney's ignorance or misunderstanding of the law does not constitute excusable neglect. <u>Peterson v. Lake Surprise II Condo. Assoc.</u>, 118 So. 3d 313, 313 (Fla. 3d DCA 2013) ("A conscious decision not to comply with the requirements of the law cannot be 'excusable neglect' under the rule or any other equivalent requirement."); <u>Geer v. Jacobsen</u>, 880 So. 2d 717, 720-21 (Fla. 2d DCA 2004) ("The attorney's errors, even if constituting mistakes of law, tactical errors, or judgmental mistakes, do not constitute

6

excusable neglect. Similarly, an attorney's inadvertence or ignorance of the rules does not constitute excusable neglect." (citations omitted)); <u>Carter</u>, 840 So. 2d at 1158 n.6 ("Generally, the courts do not find excusable neglect in the attorney's misunderstanding or ignorance of the law or rules of procedure."); <u>see also</u> <u>State Farm Mut. Auto. Ins. Co. v. Isom</u>, 681 So. 2d 1170, 1172 (Fla. 5th DCA 1996) (concluding rule 1.540 does not provide relief for judgmental mistakes, tactical errors of counsel, or mistakes of law, but only mistakes resulting from oversight, neglect, or accident). Generally, courts are inclined to find excusable neglect "when the error occurs due to a breakdown in the mechanical or operational practices of the attorney's office equipment or staff." <u>Boudot v. Boudot</u>, 925 So. 2d 409, 416 (Fla. 5th DCA 2006) (citing <u>Carter</u>, 840 So. 2d at 1158 n.6)).

The trial court provided no basis for its conclusion that excusable neglect was established. On the record before us, it appears that the failure to timely file the motion for attorney's fees was due to counsel's erroneous conclusion that the motion for rehearing tolled the time for filing. We come to this deduction based on the timing of Appellees' motion, which was filed within thirty days after entry of the order denying Hovercraft's motion for rehearing. This conclusion is buttressed by counsel's argument at the March 14, 2013 hearing that, among other reasons, "the motion for fees was filed when it was filed because at that point, the judgment was final."[3] This type of legal mistake does not constitute excusable neglect. <u>See</u> <u>Peterson</u>, 118 So. 3d at 313; <u>Greer</u>, 880 So. 2d at 720-21; <u>Carter</u>, 840 So. 2d at 1158 n.6.

---

[3] A similar argument was made by counsel for Reynolds and Fischer at the March 14, 2013 hearing and in their answer brief in this appeal.

7

The record is also devoid of any evidence or reference, by way of motion or argument, suggesting "a breakdown in the mechanical or operational practices of the attorney's office equipment or staff."  Boudot, 925 So. 2d at 416 (citing Carter, 840 So. 2d at 1158 n.6).  Finding none, we conclude that the trial court abused its discretion when it found excusable neglect.[4]  Moreover, inasmuch as Reynolds and Fischer never moved for an enlargement of time to file their motion for fees and, thus, never raised the issue of excusable neglect, it was an abuse of the trial court's discretion to find excusable neglect had been established as to them.

Accordingly, we reverse the order of the trial court and remand for entry of an order striking the award of attorney's fees and costs.

REVERSED and REMANDED.

WALLIS, J., and ORFINGER, M.S., Associate Judge, concur.

---

[4] At the March 14, 2013 hearing on Hovercraft's objection to Appellees' motion for fees, no party raised excusable neglect as a reason for failing to file their motion during the thirty-day time limit established by rule 1.525.  The issue was not raised until May 2, 2013, when the motion to permit late filing was submitted.  The trial court determined excusable neglect was established without taking testimony or conducting any further inquiry beyond what was alleged in Appellees' motion and Hovercraft's written objection.