NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KATHLEEN MADILL,         )
         )
        Appellant,      )
         )
v.         )      Case No. 2D18-3265
         )
RIVERCREST COMMUNITY      )
ASSOCIATION, INC.,      )
         )
        Appellee.      )
_____)

Opinion filed June 7, 2019.

Appeal from the Circuit Court for
Hillsborough County; Robert A. Foster,
Jr., Judge.

Rolando J. Santiago and Gregory S.
Grossman of RJS Law Group, Apollo
Beach, for Appellant.

Charles Evans Glausier and Melissa J.
Knight, of Glausier Knight, PLLC,
Tampa, for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

Kathleen Madill appeals from an order denying her amended motion under

Florida Rule of Civil Procedure 1.090(b)(2) for an enlargement of time to file a motion for

attorney's fees and costs. Because the trial court erred in concluding that Madill had

failed to demonstrate excusable neglect, we reverse.

Madill was the prevailing party in a civil suit brought by Rivercrest Community Association, Inc. Pursuant to the governing documents of the Association and to section 720.305(1), Florida Statutes (2017), she was entitled as the prevailing party to recover the attorney's fees and costs incurred in her defense. Because the final judgment was filed on March 14, 2018,[1] Madill had to serve her motion for fees and costs by April 13, 2018. See Fla. R. Civ. P. 1.525 ("Any party seeking a judgment taxing costs, attorney's fees, or both shall serve a motion no later than 30 days after filing of the judgment . . . conclud[ing] the action as to that party."). Madill, however, served her motion on May 2, 2018—nineteen days late.

Along with her untimely motion for fees and costs, Madill filed a motion for an enlargement of time pursuant to rule 1.090(b)(2) and affidavits in support. In the motion, Madill's counsel explained that it was his law firm's practice to monitor the court's e-filing portal, known as JAWS, for documents from the court such as the final judgment. The firm, however, had never received notification via JAWS regarding the entry of a final judgment; nor had it received notification via e-service from the Clerk of the Circuit Court. Thus, the firm had been unaware of even the existence of the final judgment until April 30, 2018, when Madill called the firm to say that she had just learned from looking "on-line" that final judgment had been rendered in her favor.

After receiving Madill's call, the firm's support staff had checked all service emails, JAWS, and e-service notifications from the Clerk of the Circuit Court and could not find any notification to the firm that a final judgment had been entered. One of the firm's legal assistants had called the court's JAWS help desk and had been informed

---

[1]The final judgment was signed on March 13, 2018, was date stamped by the Clerk on March 14, 2018, and was recorded on March 22, 2018.

that there was no indication that the final judgment had been served via JAWS. The help desk clerk also had checked her "notes and history" and had found nothing to indicate that the final judgment had been served on the firm.

Upon further investigation, another attorney with the firm—who was listed as one of the attorneys of record but "had not worked on the litigation phase of [Madill's] case"—discovered that he had received a copy of the final judgment as an attachment to an email from the judge's judicial assistant (JA).[2] The email looked like this:

**Greg RJSLaw**

| | |
|---|---|
| From: | Diaz, Connie <███████████> |
| Sent: | Tuesday, March 13, 2018 3:03 PM |
| To: | cglausier@bushross.com; Charles Glausier; Rolando Santiago; aschumacher@bushross.com |
| Subject: | RIVERCREST vs MADILL  14-CA-8115 |
| Attachments: | SKM_364e18031312541.pdf |

-----Original Message-----
From: DIAZ███████████[mailto:DIAZ███████████]
Sent: Tuesday, March 13, 2018 1:55 PM
To: Diaz, Connie <███████████>
Subject: Message from KM_364e

Thank you in advance.

In his affidavit, the attorney explained: "[O]ur firm relies on [JAWS] and the Clerk's Electronic-Service systems for receipt of court documents, pleadings, and orders. We do not expect to receive court documents directly from a Court's Judicial Assistant." The attorney acknowledged that he must have seen the email when it had come in, but because the email lacked the formalities prescribed in Florida Rule of Judicial Administration 2.516, and did not otherwise indicate that it was in regard to the

---

[2]Madill filed an amended motion for an enlargement of time as the firm's investigation into the matter progressed.

final judgment and because he had not been involved in the litigation phase, he "must have glossed over it and . . . failed to open the attachment or forward it to [Madill's counsel]."

In its order denying the motion for an enlargement of time, the trial court stated:

> Whether or not [the attorney to whom the JA's email was addressed] was involved in the litigation phase of the case is immaterial to his conduct. [The attorney] is designated as one of two attorneys of record for the defendant in the Notice of Appearance . . . . The court finds that [the attorney] "glossing over" an email from the court and failing to open the attachment to the email pertaining to a pending case of which he is attorney of record is inexcusable. Moreover, to the extent the Court's email attaching a copy of the Final Judgment did not conform to the requirements of Rule 2.516 as Defendant asserts, the court finds that it does not negate Defendant's responsibility to file a timely motion. Subsection (h) of rule 2.516 specifically applies to "Service of Orders" and section (h)(3) provides that the "subdivision is directory and a failure to comply with it does not affect the order or judgment, its finality, or any proceedings arising in the action."

Accordingly, the trial court concluded that Madill had failed to demonstrate excusable neglect, denied the motion for an enlargement of time, and denied Madill's motion for attorney's fees and costs as untimely.

## Analysis

In general, "excusable neglect 'contemplate[s] that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.' " Carter v. Lake County, 840 So. 2d 1153, 1157-58 (Fla. 5th DCA 2003) (alteration in original) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S.

380, 388 (1993), and rejecting a "more stringent excusable neglect standard for rule 1.090(b)").

> The determination of whether the failure to abide by a specified time limit constitutes excusable neglect is in essence an equitable one which should take into account all of the relevant circumstances, including prejudice to the other party, the reason for the delay, the duration of the delay, and whether the movant acted in good faith.

Boudot v. Boudot, 925 So. 2d 409, 416 (Fla. 5th DCA 2006) (citing Pioneer Inv. Servs., 507 U.S. at 395).

"[E]xcusable neglect cannot be based upon an attorney's misunderstanding or ignorance of the law . . . ." Lyn v. Lyn, 884 So. 2d 181, 185 (Fla. 2d DCA 2004) (affirming the denial of an untimely motion for enlargement because the delay in filing the motion for attorney's fees was caused by "her counsel's misunderstanding or lack of knowledge of the requirements of rule 1.525"); see also Hovercraft of S. Fla., LLC v. Reynolds, 211 So. 3d 1073, 1077-78 (Fla. 5th DCA 2017) (reversing the trial court's order granting an untimely motion for an enlargement of time to file a motion for attorney's fees because the failure to timely file the motion for fees was due to counsel's misapprehension that the motion for rehearing tolled the time for filing it). Rather, "courts are inclined to find excusable neglect 'when the error occurs due to a breakdown in the mechanical or operational practices of the attorney's office equipment or staff.' " Hovercraft, 211 So. 3d at 1077 (quoting Boudot, 925 So. 2d at 416); see also Elliott v. Aurora Loan Servs., LLC, 31 So. 3d 304, 307 (Fla. 4th DCA 2010) ("Excusable neglect is found 'where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry[,] or any other of the foibles to

which human nature is heir.' " (quoting Somero v. Hendry Gen. Hosp., 467 So. 2d 1103, 1106 (Fla. 4th DCA 1985))).

In this case, it is troubling regardless of the extent of his actual involvement that an attorney who was listed as counsel of record likely saw the JA's email but "glossed over it." It goes without saying that attorneys who neglect to open case-related emails—even facially ambiguous ones—sent directly to them by the court do so at their own peril. But in simply concluding that the attorney's conduct in this case was "inexcusable," the trial court failed to take all of the relevant circumstances into account. See Boudot, 925 So. 2d at 416. The law firm had a tracking system for court orders in place, and pursuant to that system, both the paralegal and the legal assistant regularly reviewed emails from the Clerk of the Circuit Court and looked for notifications from the JAWS system; they reasonably did not expect to be notified of the final judgment from a different source. Moreover, Rivercrest Community Association, Inc. asserted no prejudice, Madill's counsel filed the motions for fees and costs and for an enlargement of time immediately upon realizing what had happened, and there is no indication of bad faith. There's no question that the attorney's oversight was the result of careless human error. But absent something more, that's exactly what excusable neglect is.

We hold, therefore, that the trial court abused its discretion by denying Madill's motion for an enlargement of time due to excusable neglect. Accordingly, we reverse the order denying Madill's motion for an enlargement of time and remand for consideration of Madill's motion for attorney's fees and costs.

Reversed and remanded for further proceedings.

VILLANTI and LUCAS, JJ., Concur.