IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


TONY SIEGLER,

      Appellant,

 v.                                       Case No.  5D21-1920
                                              LT Case No. 2019-CA-058909

EMPIRE DAWN, LLC AND DOUGLAS
SMEJKAL,

      Appellees.
_____/

Opinion filed April 8, 2022

Appeal from the Circuit Court
for Brevard County,
Curt Jacobus, Judge.

Nicholas A. Vidoni, of Vidoni Law
PLLC, Cocoa, for Appellant.

Dwight J. Rhodeback and Warren W.
Dill, of Dill, Evans & Rhodeback,
Sebastian, for Appellee,   Empire
Dawn, LLC.

No Appearance for Other Appellee.


PER CURIAM.

AFFIRMED.  *See In re Amends. to Fla. Rule of Civ. Proc. 1.510*, 317 So. 3d 72, 75, 77 (Fla. 2021) (providing that "new rule" 1.510 takes effect on May 1, 2021, and governs the adjudication of any summary judgment motion decided on or after that date, with the correct test to be applied by the trial courts in determining if there exists a genuine factual dispute being "whether 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party'"); Fla. R. Civ. P. 1.510(c)(5) (stating that "[a]t least 20 days before the time fixed for the [summary judgment] hearing, the nonmovant must serve a response [to the motion for summary judgment] that includes the nonmovant's supporting factual position as provided in subdivision (1) above"); Fla. R. Civ. P. 1.510(e)(2)–(3) (providing that if a party fails to properly address another party's assertion of fact as required by rule 1.510(c), the court may "consider the fact undisputed for purposes of the motion" or may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it"); *Boudot v. Boudot*, 925 So. 2d 409, 416 (Fla. 5th DCA 2006) ("[C]ourts generally do not find excusable neglect based on the attorney's misunderstanding or ignorance of the . . . rules of procedure.").

LAMBERT, C.J., COHEN and EDWARDS, JJ., concur.